### TULLMAN v. TOD, Commissioner of Immigration.

(Circuit Court of Appeals, Second Circuit. November 5, 1923.)

No. 9.

**1. Habeas corpus ⬤⟾92(1)—No review as to weight of evidence on appeal.**

If there be evidence to support the conclusion arrived at by the board of special inquiry, afterward affirmed by the Department of Labor, the Circuit Court of Appeals cannot, in a habeas corpus proceeding review the weight of evidence.

⬤⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. Aliens ⟷54—Evidence held to sustain exclusion of immigrant.

    Conclusion of board of special inquiry, afterward affirmed by Department of Labor, excluding an immigrant, a deaf mute, as likely to become a public charge, and because he failed in the literacy test, *held* sustained by evidence.

Appeal from the District Court of the United States for the Southern District of New York.

Relator, David Tullman, sued out a writ of habeas corpus against Robert E. Tod, as Commissioner of Immigration, for the release and discharge of one Lieba Icikowicz, an immigrant, who is refused admission because of his physical condition and as a person unable to read and likely to become a public charge. Writ dismissed. Relator appeals. Affirmed.

John C. Judge, of Brooklyn, N. Y., for appellant.

William Hayward, U. S. Atty., of New York City (Morris Streusand, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. Lieba Icikowicz, 51 years of age, arrived at the port of New York on the 5th of June, 1922. He was excluded from admission as an immigrant on the ground that he was likely to become a public charge, and because he failed, upon examination, in the literacy test. An appeal was at once taken, and he was admitted to the country under bond, and has since been employed. He is a deaf mute. He was accorded an examination, and an interpreter was used. The latter was an instructor in a deaf and dumb school of good standing. No question is raised about his ability to understand or comprehend the interpreter. He was subjected to the literacy test and failed. Reading the record indicates clearly that the board was justified in rejecting him as failing in his test. He was asked the question, "Have you ever been persecuted on account of your race or religion?" and he answered "No."

[1, 2] Upon this appeal, we are in effect asked to review as to the weight of evidence. This we may not do. If there be evidence to support the conclusion arrived at by the board of special inquiry, as afterward affirmed by the Department of Labor, we are powerless to interfere. The record discloses that the immigrant was examined, and was found to be affected with deaf mutism, which, as was certified, might affect his ability to earn a living. He testified that he could not read in any language, that his passage was paid partly from the proceeds of his wife's earnings, and that his object in coming to the United States was to earn his living. He then testified as to having five children, one dead, and a daughter and three sons living. He could not tell the ages of his children, and stated that his wife had money, and that his wife and children could speak. It was conceded by counsel that these answers were incorrect and that he was unmarried. He was given full opportunity to be heard. Every effort was made by the department to give him assistance in properly expressing

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

himself, so that he received the fair and impartial hearing which is contemplated by the act.

There is no proof in the record that he was fleeing from religious persecution, as now argued by his counsel. Indeed, he expressly denied such flight from religious persecution, and he is not exempt from the literacy test. We find no error in denying his application for admission, and the order dismissing the writ of habeas corpus is affirmed.

Order affirmed.