UNITED STATES ex rel. FEUERSTEIN v. TOD, Immigration Com'r.

(Circuit Court of Appeals, Second Circuit. January 21, 1924.)

No. 187.

Aliens ⟨⊜⟩54—Court not empowered to review decision that alien had excludable defect, where there was evidence of such defect.

In habeas corpus proceeding by excluded alien, the court had no power to review the decision of the board of special inquiry that the alien had a physical defect which might affect his ability to earn a living, under Act Feb. 5, 1917, §§ 3, 16 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼b, 4289¼i), where there was evidence of an excludable defect.

Appeal from the District Court of the United States for the Southern District of New York.

⟨⊜⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Habeas corpus proceeding by the United States, on the relation of Pauline Feuerstein, next friend of Isidor Konigsbach, against Robert E. Tod, Commissioner of Immigration at the Port of New York. From an order sustaining the writ, defendant appeals. Reversed.

William Hayward, U. S. Atty., of New York City (James C. Thomas, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Emil Klein, of New York City (Rudolph L. Weissman, of Brooklyn, N. Y., of counsel), for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. The immigrant, Konigsbach, sought at the port of New York to be admitted to this country in the usual way, and was subjected to the usual procedure. On the hearing before the board of special inquiry there was produced a medical certificate duly certified by the medical examiners. This certificate stated that Konigsbach had been examined and was found to be afflicted with a certain physical condition "which may affect ability to earn a living." Upon that certificate the board excluded Konigsbach "as one suffering with a physical defect which may affect his ability to earn a living" and, after due procedure, an order of exclusion and deportation was made.

Section 3 of the Act of February 5, 1917, c. 29 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), provides for the exclusion of aliens "who are * * * physically defective, such physical defect being of such a nature which may affect the ability of such alien to earn a living," and section 16 of the same act (section 4289¼i) provides for a physical examination, which was had in this case. It is too well settled for extended citation that where, as here, there is evidence of an excludable defect, this court has no power to review the decision of the appropriate officials acting under the statute. It is sufficient to refer to Wallis v. United States (C. C. A.) 273 Fed. 509.

We think the District Court erred in sustaining the writ of habeas corpus, and the order below is reversed.