**UNITED STATES ex rel. LA REDDOLA v. TOD, Commissioner of Immigration.**

(Circuit Court of Appeals, Second Circuit. April 7, 1924.)

No. 214.

Aliens ⚖︎54—Findings of fact in deportation proceedings not reviewable on weight of evidence.

　　Where an alien is ordered deported after a fair hearing, there has been no misapplication of the law, and the findings of fact by the board of special inquiry find support in the evidence, a court is without power to review and reverse such findings on the weight of evidence.

Appeal from the District Court of the United States for the Southern District of New York.

Proceeding by the United States, on the relation of Vittorio La Reddola, against Robert E. Tod, Commissioner of Immigration. From an order sustaining the writ of habeas corpus, respondent appeals. Reversed.

William Hayward, U. S. Atty., of New York City (James C. Thomas, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Albert L. Fiorillo, for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. The alien was admitted to the United States, having arrived on the steamship Re d'Italia on October 25, 1920. He lived here until he was committed to the Central Islip State Hospital in New York as an insane person on the 14th of January, 1922, and became a public charge in that institution on April 16, 1922. He was later paroled for one year in the care and custody of his mother, and was arrested on April 29, 1922, and directed to appear before the Commissioner of Immigration at Ellis Island, New York Harbor. He appeared and was released on his own recognizance, and on December 6, 1922, was granted a hearing on a warrant of arrest and ordered deported, because he was said to be in the United States in violation of the Immigration Act, having become a public charge in the State Hospital within five years after entry, for causes not affirmatively show to have arisen subsequent to his entry. He was declared to be a person of constitutional psychopathic inferiority and general mental instability at the time of entry, and was likely to become a public charge at the time of his entry. There is evidence in the record that the alien was suffering from an insanity characterized as "delusions of persecutions"; that he was potentially dangerous, his prognosis was bad, and recovery impossible. The medical examiner certified that in his opinion his disabilities were not due to causes arising subsequent to the time when he landed in the United States. He certified that this alien had always been peculiar, and gave a mental history before coming to this country, the cause of whose psychosis could not have arisen subsequent to landing.

Immigration Act Feb. 5, 1917 (39 Stat. 874, § 19 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj]), provides that:

⚖︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"At any time within five years after entry, any alien who at the time of entry was a member of one or more of the classes excluded by law, * * * any alien who within five years after entry becomes a public charge from causes not affirmatively shown to have arisen subsequent to landing, * * * shall upon the warrant of the Secretary of Labor, be taken into custody and deported. * * *"

And section 3 (section 4289¼b) provides that:

"The following classes of aliens shall be excluded from admission in the United States: All idiots, imbeciles, feeble-minded persons, epileptics, insane persons; persons who have had one or more attacks of insanity at any time previously; persons of constitutional psychopathic inferiority; * * * persons likely to become a public charge. * * *"

The burden of proof was upon the alien to show that his becoming a public charge in the Central Islip State Hospital was for causes that had arisen subsequent to his landing. That he was a public charge was not denied, for he was supported by public moneys of the state of New York and nothing was paid for his maintenance by him or his relatives. He had a fair hearing—was accorded the opportunity of counsel. The findings of fact of the board of special inquiry find support in the evidence. No error argued indicates a claim of erroneous applications of a rule of law. Under these circumstances, it was error for the District Judge to review the weight of evidence and sustain the writ. Tullman v. Tod (C. C. A.) 294 Fed. 87; Morrell v. Baker (C. C. A.) 270 Fed. 577. The medical certificate in evidence is made by a physician of long experience in insane cases, and it appears that it relates to observations made over a sufficient length of time to warrant a considerable observation of the case. Since the District Court had no jurisdictional power to review and reverse the findings of fact based upon the evidence, the decree must be reversed. Low Wah v. Backus, 225 U. S. 460, 32 Sup. Ct. 734, 56 L. Ed. 1165; U. S. ex rel. Georgian v. Uhl, etc. (C. C. A.) 271 Fed. 676; Gegiow v. Uhl, 239 U. S. 3, 36 Sup. Ct. 2, 60 L. Ed. 114.

Decree reversed.