**UNITED STATES ex rel. HAFT v. TOD, Commissioner of Immigration.**

**UNITED STATES ex rel. BRUGNOLI v. SAME.**

(Circuit Court of Appeals, Second Circuit. April 28, 1924.)

Nos. 276, 282.

1. **Aliens** ⊂⇒54—**Certificate of deputy medical examiner held not to require reversal of finding that alien should not be deported.**

Certificate of deputy medical examiner of Bureau of Deportation, expressing opinion that alien's present disability was not due to causes arising subsequent to entry, not disclosing condition of alien at time of entry, nor previous history, *held* not to require reversal of District Court's finding that alien should not be deported, under Act Feb. 5, 1917, §§ 3, 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼b, 4289¼jj).

2. **Habeas corpus** ⊂⇒92(1)—**No review of weight of evidence before immigration officials.**

In habeas corpus proceeding for discharge of alien held for deportation, neither Circuit Court of Appeals nor District Court can review weight of evidence.

Appeals from the District Court of the United States for the Southern District of New York.

Habeas corpus proceeding by the People of the United States on the relation of Louis Haft, against Robert E. Tod, Commissioner of Immigration at the Port of New York. From an order dismissing the writ (300 Fed. 917), relator appeals. Affirmed.

Habeas corpus by the People of the United States, on the relation of Anita Brugnoli, against Robert E. Tod, Commissioner of Immigration at the Port of New York. From an order sustaining the writ (300 Fed. 913) the Commissioner of Immigration appeals. Affirmed.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Morris Jablow, of New York City, for appellant Haft.

Middlebrook & Borland, of New York City (Middleton S. Borland, Thomas H. Baskerville, and Percy F. Griffin, all of New York City, of counsel), for appellee Brugnoli.

William Hayward, U. S. Atty., of New York City (James C. Thomas, Asst. U. S. Atty., of New York City, of counsel), for Commissioner of Immigration.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge.  [1] In view of the opinion of Judge Winslow in the Brugnoli Case, it is necessary to discuss only the single question which we think merits consideration.  It is entirely plain, as pointed out in the opinion below, that relator has never become a public charge, and is not likely to become a public charge, and all this has been affirmatively demonstrated in relator's favor.  There is thus left only the question as to whether relator, at the time of entry, was a member of one or more of the classes excluded by law.

Section 3 of the Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b) provides:

"That the following classes of aliens shall be excluded from admission into the United States: * * * Persons of constitutional psychopathic inferiority."

Section 19 (section 4289¼jj) provides:

"That at any time within five years after entry any alien who at the time of entry was a member of one or more of the classes excluded by law * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported."

All that the record shows is a certificate of Dr. Barton, deputy medical examiner of the Bureau of Deportation.  The date of the last arrival of the alien was December 21, 1921.  The certificate was dated December 6, 1922.  This certificate contains no statement of fact as to the previous mental or medical history of the alien.  In answer to the question, "State whether or not disabilities described constitute sole cause why alien is a public charge, adding any others," the certificate of Dr. Barton states:

"Constitutional psychopathic inferiority and general mental instability. Alien began to show signs of mental breakdown upon arrival in this country from Italy. one year prior to her admission to the hospital."

As the alien was admitted to the Manhattan State Hospital on October 17, 1922, the foregoing indicates that the first sign of mental breakdown was after arrival, and, for the purposes of this case, we are assuming that this fact was stated by the physician as the result of credible information given to him.  The crucial question, however, which is printed upon this certificate, reads as follows:

"Said disabilities are in my opinion not due to causes arising subsequent to the time when the alien landed in the United States, and I reach this conclusion upon the following facts and through the following processes of reasoning."

The answer to the foregoing is as follows:

"This is the case of an elderly woman, native of Italy, who has shown no improvement during her hospital residence, who is suffering from a chronic mental disease. She will continue to be a public charge; the cause of her psychosis could not have arisen subsequent to landing."

No facts whatever are stated upon which this answer is based. No reasons whatever are assigned, from or by virtue of which the physician arrived at the conclusion that the cause of relator's psychosis could not have arisen subsequent to landing.

Of course, we do not review the merit of expert opinion; but the relator is entitled to an examination upon which such an opinion can be based, and, while we do not suggest either the extent or the limits of such an examination, it is plain, inter alia, that there must be some previous history upon which to predicate the conclusion that the alien, at the time of entry, was a member of one or more of the classes excluded by law. The certificate of the physician does not, in any manner, disclose the condition of the alien at the time of entry nor any facts upon which his opinion as an expert is based.

The order below in this case must be affirmed.

[2] In the Haft Case, it is sufficient to say that what was lacking in the Brugnoli Case is fully supplied in the Haft Case. There was accorded to Haft a full and fair hearing, and, while there was a conflict of opinion, neither this court nor the District Court, under settled authority, will review the weight of evidence. The memorandum of Judge Knox in that case discloses a careful and correct consideration and disposition.

Order affirmed.