ROKIYI TAMBARA v. WEEDIN, U. S. Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. June 2, 1924.)

No. 4137.

Aliens ☞49—Admission of physically defective alien not authorized by offer of employment.

Where, after a fair hearing, an alien has been excluded under the statute, on the ground of a physical defect which may impair his ability to earn a living, his admission is not authorized by an offer to give him remunerative employment.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Petition by Rokiyi Tambara against Luther Weedin, United States Commissioner of Immigration at the Port of Seattle, Wash., for writ of habeas corpus. From an order denying the writ, petitioner appeals. Affirmed.

For opinion below, see 292 Fed. 764.

James Kiefer, of Seattle, Wash., for appellant.

Thomas P. Revelle, U. S. Atty., Matthew W. Hill, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying an application for a writ of habeas corpus. Section 3 of the Act of February 5, 1917 (39 Stat. 875 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b]), excludes from the United States, among other aliens, those "who are found to be and are certified by the ex-

amining surgeon as being mentally or physically, defective, such physical defect being of a nature which may affect the ability of such alien to earn a living." The examining surgeon so certified in this case, and the board of special inquiry found as follows:

"This applicant appears to be very deaf. During the hearing it was necessary for the interpreter to speak loudly, directly into applicant's ear, to enable him to understand the questions. He was unable to hear the ticking of a watch held within one inch of either ear."

Again:

"It is very difficult for the interpreter to make the applicant understand an oral question, and a part of the questions were propounded to him by writing."

The appellant had a fair hearing; there was not even a conflict in the testimony, and the finding or conclusion of the board of special inquiry, and the Secretary of Labor, that such a defect might affect the ability of the appellant to earn a living, is warranted by the testimony. Beyond this we are not at liberty to inquire. Deafness to such a degree would necessarily bar the appellant from many occupations, and would militate in a substantial way against his ability to earn a living. Offers of employment from one or more persons cannot change the rule. Whether promises of support from near relatives would have that effect, as seems to have been held in the recent case of United States v. Tod (C. C. A.) 294 Fed. 820, we need not inquire.

The order is affirmed.