## UNITED STATES ex rel. BIELOSZYCKA v. COMMISSIONER OF IMMIGRATION.

(Circuit Court of Appeals, Second Circuit. November 3, 1924.)

No. 32.

**1. Aliens ⬤�439 54—Decision of board of special inquiry, supported by evidence, will not be reviewed by courts.**

Courts cannot review decision, as to alien's excluding physical defects, of board of special inquiry held under Immigration Act Feb. 5, 1917, §§ 3, 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼b, 4289¼jj), where there was evidence to support finding.

**2. Habeas corpus ⬤�439 76—Proper practice in making return in habeas corpus proceeding by deported alien stated.**

In habeas corpus proceeding by alien ordered deported, it was improper for the Commissioner of Immigration to merely return that he held the alien in compliance with a warrant of deportation, of which a copy was annexed, and return should have shown what the Department of Labor, through its various boards and officers, or the surgeons of the Public Health Service, had done.

**3. Habeas corpus ⟨Key⟩92(1)—Court, in habeas corpus by alien, should merely ascertain whether Department of Labor exceeded jurisdiction, and not hold independent inquiry.**

In habeas corpus proceeding by alien, it was improper for the court ·to hold another hearing as to whether the alien had an excluding physical defect, under Immigration Act Feb. 5, 1917, §§ 3, 19 (Comp. St. 1918, Comp. St. ·Ann. Supp. 1919, §§ 4289¼b, 4289¼jj), similar to that held by board of special inquiry; but the court should merely have ascertained what Department of Labor had done, and declared whether or not the department had exceeded its jurisdiction.

Appeal from the District Court of the United States for the Eastern District of New York.

Application for writ of habeas corpus by Jennie Bieloszycka against the Commissioner of Immigration, etc. From an order remanding relator, she appeals. Affirmed.

The relator is an alien, who a short time after landing in this country became an inmate of an insane asylum, supported at public expense. Section 3 of the Immigration Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), declares· that among the classes' of aliens excluded from admission into the United States are "persons of constitutional psychopathic inferiority." Section 19 (section 4289¼jj) declares that at any time within five years after entry members of the classes excluded by law shall "be taken into custody and deported."

Proceedings having been begun to deport this alien as belonging to the excluded class above referred to, a writ was taken out, and this appeal taken from an order discharging the writ.

Joseph G. M. Browne and Eugene I. Yuells, both of New York City, for appellant.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (William A. De Groot, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge. The matter requiring notice on this record is the practice pursued below. The law has been settled by a multitude of decisions. It is sufficient to refer to Ng Fung v. White, 259 U. S. 276, holding at page 284 (42 S. Ct. 492, 66 L. Ed. 938) ·that where jurisdiction exists a finding of fact by the Executive Department is conclusive, and· the courts cannot interfere, unless there was denial of a fair hearing, the finding was without support of evidence, or an erroneous rule of law was applied.

[1] The application of that part of the statute above recited to a member of the excluded classes who is· found within the United States, and especially the fact that the executive officers are without discretion in respect of suffering one who ought to be excluded to remain here, is fully pointed out in United States ex rel. Patton v. Tod (C. C. A.) 297 F. 385. The courts are without power to review the decision of a board of special inquiry held under the authority of the statute, to the effect that the alien had an excluding physical defect, where there was evidence in support of such finding. United States ex rel. Feuerstein v. Tod (C. C. A.) 296 F. 127. The courts do not sit in habeas corpus to consider the weight of evidence adduced before a board of special inquiry. United States ex rel. La Reddola· v. Tod (C. C. A.) 299 F. 592. To the same effect, Tullman v. Tod (C. C. A.) 294 F. 87. In short, the only function of habeas corpus in cases such as this is to ascertain whether or not the executive authorities have exceeded· their jurisdiction. United States ex rel. Singleton v. Tod (C. C. A.) 290 F. 78.

The practice pursued below was not in accord with that indicated by the above authorities and many others. The writ was taken out in common form, containing many irrelevant allegations, but directly alleging a total lack of proof as to the relator's mental condition.

· [2] The ordinary and proper practice is to show by the return exactly what the Department of Labor, through its various boards and officers, and/or the surgeons of the Public Health Service, had done in the premises. The Commissioner did not do this, but merely returned that he held the body of the alien in compliance with a warrant of deportation, of which a copy was annexed. ·Thereupon the court below, instead of requiring a further return, directed that a hearing he had before one of the judges of the court, and our record consists of two parts: (1) The testimony taken before the judge selected for the hearing; and (2) the records which ought to have been submitted with the return.

[3] In other words, the District Court, instead of ascertaining what the Department of Labor had done, and declaring whether or not by so doing the department had exceeded its jurisdiction, held substantially the same kind of a hearing that ought to have been had, and which in point of fact had

been held, by the board of special inquiry. This practice is strongly disapproved. It is substantially a usurpation by the courts of those duties of investigation and fact ascertainment which the statute imposes on the Department of Labor. The court below had no right to conduct what was substantially an original investigation; its function was to investigate what the Department of Labor produced as the result of its own investigation.

We do not think it necessary to comment on the facts. There was sufficient evidence as to the relator's psychopathic inferiority produced before the board of special inquiry. The unnecessary and improper investigation by the District Court was no more than a repetition and amplification of what had been already done by the department.

Order affirmed.