UNITED STATES ex rel. MARKIN v. CURRAN, Commissioner of Immigration.*

(Circuit Court of Appeals, Second Circuit. November 2, 1925.)

No. 42.

1. Aliens ⊕⇒54—Evidence held to justify exclusion of alien for physical defects.

Evidence held to justify finding of Board of Special Inquiry, and affirmance of that finding by Secretary of Labor, excluding alien because she was suffering from physical defects, which would affect her ability to earn her living.

2. Habeas corpus ⊕⇒92(1)—Facts not reviewable.

Facts are not reviewable on habeas corpus by alien ordered deported.

3. Aliens ⊕⇒46—Citizens ⊕⇒7—Naturalization of husband held not to naturalize alien wife outside of United States.

Naturalization of husband held not to naturalize alien wife, under Act Sept. 22, 1922 (Comp. St. Ann. Supp. 1923, § 4358a et seq.), or entitle her to admission, where she was outside of United States when he was naturalized, and inadmissible because of her physical condition, in view of Act Feb. 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼a et seq.), Act May 26, 1924, §§ 4, 25 (Comp. St. Supp. 1925, § 4289¾b, 4289¾ll), and Quota Act (Comp. St. Ann. Supp. 1923, §§ 4289½–4289½dd).

Appeal from the District Court of the United States for the Southern District of New York.

Writ of habeas corpus by the United States, on relation of Jacob Markin, against Henry H. Curran, Commissioner of Immigration at Ellis Island, N. Y. From an order dismissing the writ, relator appeals. Affirmed.

Lesser & Lesser, of New York City (Harry Lesser, of New York City, of counsel), for appellant.

Emory R. Buckner, U. S. Atty., of New York City (James C. Thomas, Asst. U. S.

Atty., of New York City, of counsel), for appellee.

Before ROGERS, MANTON, and HAND, Circuit Judges.

MANTON, Circuit Judge. The appellant's wife and his son arrived in the United States and applied for admission on December 17, 1924. The son was admitted, but the wife was placed in the hospital at Ellis Island. The Board of Special Inquiry heard her application on December 30, 1924, at which time medical certificates were offered in evidence, certifying that she was blind in one eye and afflicted with ozena (chronic atrophia rhinitis), and that she had been examined and found to be afflicted with abnormal systematic condition characterized by a positive Wasserman reaction in the blood serum, which indicated a syphilitic infection which would affect her ability to earn her living. Her purpose in coming to the United States was to join her husband and remain here permanently. He had been in the United States for 11 years and was naturalized 6 months previous to her arrival. She appealed from the decision of the Board of Inquiry, excluding her, to the Secretary of Labor. Her case was reopened, and the board reaffirmed its former decision. The record was thereafter transmitted to the Secretary of Labor, who, after considering the evidence, affirmed the decision of the board excluding the alien. Thereupon this writ was sued out, and after a hearing was dismissed.

[1, 2] There was ample evidence to support the finding of the Board of Special Inquiry, and justified the affirmance of that finding by the Secretary of Labor. The affliction and disease from which the alien suffered justified the conclusion that she was suffering from physical defects which would affect her ability to earn her living. To justify this, there is the evidence of the medical examiners and the certificates. This record is conclusive upon us, and the facts are not reviewable by this habeas corpus. U. S. ex rel. Kutas v. Williams (D. C.) 204 F. 847; Wallis v. United States (C. C. A.) 273 F. 509; Tullman v. Tod (C. C. A.) 294 F. 87; Tambara v. Weedin (C. C. A.) 299 F. 299.

[3] But the appellant argues that the Department of Labor was without jurisdiction to exclude the alien, because she was the wife of a naturalized citizen. Reliance for this position is placed in the Act of Congress of September 22, 1922 (42 Stat. 1021, c. 411 [Comp. St. Ann. Supp. 1923, § 4358a

*Certiorari denied 46 S. Ct. 348, 70 L. Ed. ——.

et seq.]), which relates to the naturalization and citizenship of married women. Section 2 (Comp. St. Ann. Supp. 1923, § 4358b) provides that "any woman who marries a citizen of the United States after the passage of this act, or any woman whose husband is naturalized after the passage of this act, shall not become a citizen of the United States by reason of such marriage or naturalization; but, if eligible to citizenship, she may be naturalized upon full and complete compliance with all requirements of the naturalization laws, with the following exceptions."

Under this act, the naturalization of the husband did not naturalize the wife, since she was outside of the United States when he was naturalized, which was 6 months before her application for admission. It is evident, from the foregoing section, that a woman whose husband is naturalized after the passage of the act does not become a citizen of the United States by reason of such marriage or naturalization, but to become a citizen she must be naturalized after complete compliance with the requirements of the naturalization laws.

The argument that the act of September, 1922, does not affect or regulate immigration rights, does not advance the appellant's position. The case relied upon in support of this doctrine is United States v. Dorto (C. C. A.) 5 F.(2d) 596. But in that case the alien wife was already in the United States, and it was held that by virtue of her marriage under the Cable Act (42 Stat. 1021, c. 411) she was entitled to ask for naturalization, and that it would be inconsistent to deny her this right. But here the alien wife was not in the United States, and she was not entitled to any rights under the immigration laws because of her physical condition, and therefore was not entitled to rights under the naturalization law. To apply for naturalization, it was necessary for her to possess all the qualifications made requisite by the statute. She could not so comply, because she was not within the limits and jurisdiction of the United States. Although her husband was here 11 years, she was not an alien of the class referred to in the Cable Act.

Congress did not intend, by the Act of February 5, 1917, to open the doors to every wife of a naturalized citizen, regardless of her mental, moral, or physical condition. By that Act of February 5, 1917 (39 Stat. 874 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼a et seq.]), a desirability test was provided for all aliens seeking admission to the United States, and section 3 thereof (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b) required that all aliens physically defective, where such physical defect was of such a nature as to affect their ability to earn their living, or persons likely to become a public charge, should be excluded from the United States. By this act Congress recognized that the general welfare of the country demanded that diseased and physically defective aliens be kept out of the United States. Report Senate Committee 252, 64th Congress, First Session. In United States ex rel. Sejnensky v. Tod, 285 F. 523, to which we are referred by the appellant, we supported the admission of the wife of an American citizen who, it was claimed, was feeble-minded. We found that the alien had become a citizen by her marriage, and that by reason thereof the immigration laws did not apply.

It is argued that Congress, by the Act of May 26, 1924, § 4 (Comp. St. Supp. 1925, § 4289¾b), intended to create a separate class and status of immigrants entitled to admission, and these to be the immigrant wives of American citizens. But the Quota Act (Comp. St. Ann. Supp. 1923, §§ 4289½–4289½dd) is an addition to, and not a substitution for, the immigration laws. Section 25 of the Act of May 26, 1924 (Comp. St. Supp. 1925, § 4289¾ll), provides:

"The provisions of this act are in addition to and not in substitution for the provisions of the immigration laws, and shall be enforced as a part of such laws, and all the penal or other provisions of such laws, not inapplicable, shall apply to and be enforced in connection with the provisions of this act. An alien, although admissible under the provisions of this act, shall not be admitted to the United States if he is excluded by any provision of the immigration laws other than this act, and an alien, although admissible under the provisions of the immigration laws other than this act, shall not be admitted to the United States if he is excluded by any provision of this Act."

The immigration law fixes a desirability test and the quota law a numerical test. Before admission, an alien must satisfy the provisions of both acts; in so doing, a diseased or physically defective wife is not admitted, if she was not here when her husband was naturalized.

Order affirmed.