## UNITED STATES ex rel. FURST v. CURRAN, Commissioner.

(Circuit Court of Appeals, Second Circuit. January 4, 1926.)

No. 115.

Habeas corpus ⬅92(1)—Courts held without power to set aside findings of fact by Board of Special Inquiry.

In deportation proceedings, where there was abundant evidence to support findings of the Board of Special Inquiry, courts have no power to set aside its findings of fact that the alien had become a public charge owing to causes not shown to have arisen subsequent to his arrival.

Appeal from the District Court of the United States for the Southern District of New York.

Habeas corpus by the United States, on the relation of Louis Furst, against Henry H. Curran, as Commissioner, etc. From an order granting the writ and discharging relator, the Commissioner appeals. Order reversed.

Relator is an alien, who in 1921 arrived at the port of New York as an immigrant. He was lawfully admitted, and resided with his family. In 1924, being then 21 years old, he went to work. His behavior was certainly shown to be abnormal. About the middle of 1924 he ran away from home and work and was arrested as a vagrant in Northern New Jersey. He was returned to New York and became a public charge in the Manhattan State Hospital, where he was duly certified in accordance with the laws of the state as being afflicted with dementia præcox.

Deportation proceedings were begun and a hearing was had, the finding of the board being that Furst was suffering from the disease aforesaid and that the alien had been "unable to affirmatively show that he became a public charge owing to causes arising subsequent to arrival."

An order of deportation was entered against Furst and a writ of habeas corpus obtained. The court below sustained the writ and discharged Furst, whereupon the commissioner appealed.

Emory R. Buckner, U. S. Atty., of New York City (James C. Thomas, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Before HOUGH, MANTON, and HAND, Circuit Judges.

PER CURIAM. We have recently dwelt upon the proper procedure in cases like this in Bieloszycka's Case (C. C. A.) 3 F.(2d) 551. The hearing before the departmental officers was entirely proper, and there was abundant evidence to support the findings of the Board of Special Inquiry. The hearing having been fair, and the law not having been misapplied, the courts have no power to set aside a board's findings of fact. La Reddola's Case (C. C. A.) 299 F. 592; Haft's Case (C. C. A.) 300 F. 918.

It has been suggested that Brugnoli's Case (C. C. A.) 300 F. 918, is inconsistent. What was there said must be measured by the facts of the case. We held "there must be some previous history upon which to predicate the conclusion that the alien" was subject to deportation for a psychopathic inferiority. Here there was a rather extended previous history distinctly tending, as it seems to us, to support the finding of the Board. But the legal point is that here we have the evidence which we thought was lacking in Brugnoli's Case.

We see no reason justifying the release granted below. Order reversed.