**UNITED STATES ex rel. ICKOWICZ v. DAY, Commissioner of Immigration.**

(District Court. S. D. New York. June 30, 1926.)

1. Aliens ⊂⇒54(16)—Court cannot interfere with discretion of Secretary of Labor in ordering deportation of alien admitted on bond (Comp. St. § 4289¼kk).

Under Act Feb. 5, 1917, § 21 (Comp. St. § 4289¼kk), admission to United States on bond of alien liable to be excluded is matter of executive discretion for Secretary of Labor, and court is without power to interfere with Secretary's discretion in ordering deportation of alien so admitted.

2. Aliens ⊂⇒54(16)—That alien, since admitted on bond, learned to read and became self-supporting, did not negative correctness of contrary findings of Labor Department, made on his arrival (Comp. St. § 4289¼kk).

That alien, found to be illiterate and likely to become a public charge, since his admission on bond under Act Feb. 5, 1917, § 21 (Comp. St. § 4289¼kk), learned to read and became self-supporting, did not negative correctness of Labor Department's findings, fully tested by former habeas corpus proceedings, in which writ was dismissed by the District Court, and dismissal affirmed by Circuit Court of Appeals.

Habeas Corpus. In the matter of the petition of Samuel Siff, a citizen of the United States, for a writ directing Benjamin M. Day, Commissioner of Immigration of the United States, or those under him, to release from custody Lieba Ickowicz, immigrant. Writ dismissed.

Order affirmed. 18 F.(2d) 962.

John C. Judge, of Brooklyn, N. Y., for relator.

The United States Attorney, for the commissioner.

AUGUSTUS N. HAND, District Judge. [1] Section 21 of the Act of February 5, 1917 (Comp. St. § 4289¼kk), gives the Secretary of Labor an absolute discretion, for it is applicable only to cases where the alien is under the law "liable to be excluded." Admission on bond is an executive discretion. I am clear that I am without power upon the face of this record.

[2] The fact that this alien has learned to read since his arrival, and that he is self-supporting, does not negative the correctness of findings made by the Labor Department on his arrival, which have been fully tested by the former writ dismissed by order of this court, which has been affirmed by the Court of Appeals. Tullman v. Tod, 294 F. 87. The case is, however, one of the most deserving and pathetic ones that has come to my notice, and I strongly recommend his admission, if the Secretary of Labor can see any way, through a rehearing or otherwise, under section 21 of the act of 1917, lawfully to admit him. I cannot interfere with the discretion of the department in respect to a rehearing, but I consider the deportation of a man who has shown by conduct his good character and perseverance and ability to support himself a cruel fate.