### UNITED STATES ex rel. ROMANOW v. FLYNN, District Director of Immigration.

(District Court, W. D. New York. January 7, 1927.)

Habeas corpus ⟨═⟩92(I)—Finding of mental defectiveness of alien sought to be deported, based on certificate of medical examiner, held not reviewable on habeas corpus.

In determining whether an alien is mentally defective, and, if so, whether it antedated his entry, the opinion of the medical examiner as an expert, based on a written report of physicians who had made an examination, and which stated facts, *held* properly considered in deportation proceeding, and a finding based thereon is not reviewable by the courts, on habeas corpus.

Habeas Corpus. Petition by the United States, on relation of Alexander Romanow, against William Flynn, District Director of Immigration at Buffalo, N. Y., for writ of habeas corpus. Writ dismissed.

Weimar & Davis, of Buffalo, N. Y., for petitioner.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Roy P. Ohlin, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for respondent.

HAZEL, District Judge. The alien, Alexander Romanow, was deemed a subject for deportation by the Secretary of Labor, on the ground that he was a person of constitutional psychopathic inferiority at the time he entered the United States; that he was a person likely to become a public charge at such time; and, moreover, that he has become a

public charge within five years after coming to the United States, for causes not affirmatively shown to have arisen subsequent thereto. By his counsel, the relator urges that the warrant of deportation is invalid, since the evidence does not substantiate the conclusions upon which the warrant is based.

It appears that on July 18, 1921, the relator entered the United States from Poland, and that at first he was employed as a tailor, and later himself opened a tailoring shop. In January, 1925, there was a fire at his shop, and shortly afterwards he was sent to the Buffalo State Hospital for observation. A hearing and examination by the Department of Labor was had, following the examination given him at the hospital, and, later on, a certificate was issued by the medical examiner of the Immigration Department, certifying that the alien's psychosis could not have arisen after his entry.

The question is whether there was evidence to establish his stated condition prior to entry, viz. whether he was found, on proper examination and certificate, to be mentally defective, and whether his condition preceded entry. If there is some evidence to establish the conclusion, the deportation was rightly ordered, even though his mental condition was discovered after four years following his entry into the United States. It appears that his mental defectiveness is based, primarily, upon the opinion of the medical examiner, Dr. Barton, who did not personally examine him, but whose expert opinion is founded upon a report of the examining physicians at Buffalo. By this report, made by Dr. Travis, of the Buffalo State Hospital, the relator's mental defectiveness, on examinations by Dr. Matzinger and Dr. May, is clearly shown. The report containing the facts was submitted to Dr. Barton, deputy medical examiner at New York, who certified that the case was one of insanity characterized by peculiar conduct of the dementia præcox catatonic type, and that recovery was impossible.

In my opinion, the facts contained in the report of Dr. Travis and the conclusion of the expert witness were rightly considered by the Secretary of Labor. U. S. v. Curran, 10 F.(2d) 38. In that case it was held by the Circuit Court of Appeals for this circuit that a similar finding, based on a similar certificate, estopped the court from further inquiry; the court, in its opinion, citing U. S. ex rel. Fuerstein v. Tod (C. C. A.) 296 F. 127, and Tambara v. Weedin (C. C. A.) 299 F. 299.

---

Although the facts relating to the alien's condition, and conclusion thereon, were documentary, yet the department was not bound to strictly follow the technical rules of evidence. So held in U. S. ex rel. Smith v. Curran (C. C. A.) 12 F.(2d) 636. There was evidence to support the finding of the Secretary of Labor. Donatello v. Com'r, etc. (D. C.) 8 F.(2d) 362; U. S. v. Tod (C. C. A.) 1 F.(2d) 246.

In opposition it is urged that these adjudications do not apply to the present case, but I am unable to accept this view. In the case of U. S. v. Tod (D. C.) 300 F. 913, upon which counsel strongly relies, a different state of facts existed. There the alien had resided in this country 14 years, and in the meantime had made different visits abroad. The examination, as to her mental condition, was made 13 months after her last entry, and the court ruled that he found no evidence whatever in the record to sustain the finding of fact. In this case, however, the facts, relating to the alien's mental condition, upon which conclusions as to relator's condition prior to entering the United States are based, are carefully recited, and I find nothing in the record of probative force to impel a contrary view. See, also, the recent decision by Judge Manton in U. S. ex rel. Casimano v. Com'r, etc. (C. C. A.) 15 F.(2d) 555.

The finding of fact here is not refuted that the relator was likely to become a public charge at the time of his entry. Indeed, his mental condition at such time was enough to lead to the inference that there was a probability of his becoming a public charge. Whether his expenses for keep at the hospital are at present paid by his brother does not negative the inference.

The writ must be dismissed. So ordered.