UNITED STATES ex rel. ICKOWICZ v. DAY, Commissioner of Immigration.

(District Court. S. D. New York. June 30, 1926.)

1. Aliens ⟐54(16)—Court cannot interfere with discretion of Secretary of Labor in ordering deportation of alien admitted on bond (Comp. St. § 4289¼kk).

Under Act Feb. 5, 1917, § 21 (Comp. St. § 4289¼kk), admission to United States on bond of alien liable to be excluded is matter of executive discretion for Secretary of Labor, and court is without power to interfere with Secretary's discretion in ordering deportation of alien so admitted.

2. Aliens ⟐54(16)—That alien, since admitted on bond, learned to read and became self-supporting, did not negative correctness of contrary findings of Labor Department, made on his arrival (Comp. St. § 4289¼kk).

That alien, found to be illiterate and likely to become a public charge, since his admission on bond under Act Feb. 5, 1917, § 21 (Comp. St. § 4289¼kk), learned to read and became self-supporting, did not negative correctness of Labor Department's findings, fully tested by former habeas corpus proceedings, in which writ was dismissed by the District Court, and dismissal affirmed by Circuit Court of Appeals.

Habeas Corpus. In the matter of the petition of Samuel Siff, a citizen of the United States, for a writ directing Benjamin M. Day, Commissioner of Immigration of the United States, or those under him, to release from custody Lieba Ickowicz, immigrant. Writ dismissed.

Order affirmed. 18 F.(2d) 962.

John C. Judge, of Brooklyn, N. Y., for relator.

The United States Attorney, for the commissioner.

(Circuit Court of Appeals, Second Circuit. March 21, 1927.)

No. 325.

Aliens ⟐54(16)—Secretary of Labor's denial of rehearing to alien, remaining by sufferance after being denied admission, held not reviewable by courts (Immigration Act of 1917, § 21 [Comp. St. § 4289¼kk]).

Where application for rehearing under Immigration Act of 1917, § 21 (Comp. St. § 4289¼kk), to permit him to remain, by alien who remained in United States on sufferance after he was denied admission, and his writ of

habeas corpus was dismissed and dismissal affirmed, was denied by Secretary of Labor, order of District Court, dismissing writ of habeas corpus to review denial of rehearing, must be affirmed.

Appeal from the District Court of the United States for the Southern District of New York.

Habeas corpus by the United States, on the relation of Lieba Ickowicz, against Benjamin M. Day, Commissioner of Immigration for the Port of New York. Writ dismissed (18 F.[2d] 962), and relator appeals. Affirmed.

John C. Judge, of Brooklyn, N. Y., for appellant.

Emory R. Buckner, U. S. Atty., of New York City (Alvin McKinley Sylvester, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, HAND, and SWAN, Circuit Judges.

PER CURIAM. The relator arrived at the port of New York on June 5, 1922, and was denied admission. After an appeal to the Secretary of Labor, he sued out a writ of habeas corpus which was dismissed. On review here, we affirmed the dismissal. Tullman v. Tod (C. C. A.) 294 F. 87. Remaining here at sufferance, he later applied, under the Immigration Act of February 5, 1917, § 21 (Comp. St. § 4289¼kk), to the Secretary of Labor to grant him a rehearing, so as to permit him to remain in this country. The District Judge, who considered the habeas corpus below, and the United States attorney for the district, both recommended granting his application to remain here. However, it was denied. The learned court below quite properly said (18 F.[2d] 962):

"The case is, however, one of the most deserving and pathetic ones that has come to my notice and I strongly recommend his admission if the Secretary of Labor can see any way through a rehearing or otherwise under section 21 of the act of 1917 lawfully to admit him."

We cannot reverse the determination below, and it is affirmed on authority of Tullman v. Tod, supra. However, we will withhold our mandate 30 days to permit the appellant to apply to the Secretary of Labor for a reconsideration of his decision on another application.

Order affirmed.