**CANCIAMILLA v. HAFF, Acting Com'r of Immigration.**

No. 6917.

Circuit Court of Appeals, Ninth Circuit.
April 24, 1933.

Stephen M. White, of San Francisco, Cal., for appellant.

I. M. Peckham, U. S. Atty., and R. B. McMillan, Asst. U. S. Atty., both of San Francisco, Cal. (Arthur J. Phelan, U. S. Immigration Service, of San Francisco, Cal., on the brief), for appellee.

Before WILBUR, SAWTELLE and MACK, Circuit Judges.

SAWTELLE, Circuit Judge.

This is an appeal from an order denying appellant's petition for a writ of habeas cor-

pus. Appellant is a native and citizen of Italy, fifty-three years of age. He first came to the United States in 1896, and has resided here continuously since that time, save for two trips to Italy, in 1902 and 1928. Upon his return from his second trip, in December, 1928, he was admitted as an alien who was previously lawfully domiciled here and was returning from a temporary visit abroad. In May, 1930, he was committed to the Stockton State Hospital, at Stockton, Cal., as an epileptic. June 12, 1931, he was ordered deported to Italy on the ground:

"1. That he was a person likely to become a public charge at the time of his entry;

"2. That he became a public charge within five years after his entry into the United States from causes not affirmatively shown to have arisen subsequent thereto;

"3. That he was an epileptic at the time of his entry."

The order of deportation is based upon section 3 of the Immigration Act of February 5, 1917 (8 USCA § 136), which provides that the following classes of aliens shall be excluded from admission into the United States: "All idiots, imbeciles, feeble-minded persons, epileptics, insane persons; persons who have had one or more attacks of insanity at any time previously. * * *" And upon section 19 of the Act (8 USCA § 155), which provides that: "At any time within five years after entry, any alien who at the time of entry was a member of one or more of the classes excluded by law; * * * any alien who within five years after entry becomes a public charge from causes not affirmatively shown to have arisen subsequent to landing; * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported."

■ Appellant's entry in December, 1928, is the entry which comes within the scope of the act; for it is well settled that the ban of the Immigration Statute attaches irrespective of previous residence or domicile in this country. Lapina v. Williams, 232 U. S. 78, 34 S. Ct. 196, 58 L. Ed. 515; Lewis v. Frick, 233 U. S. 291, 34 S. Ct. 488, 58 L. Ed. 967.

■■ Appellant contends that the evidence does not support the charges set forth in the warrant of deportation. However, we are of opinion that appellant was properly ordered deported on the ground "that he was an epileptic at the time of his entry," and that he has failed to prove that he did not, within five years after entry, "become a public charge from causes not affirmatively shown to have arisen subsequent to landing." The burden of proving that the disease did not antedate his entry was, of course, upon appellant. Ex parte Wong Nung (C. C. A., 9) 30 F.(2d) 766. In support of this burden, appellant relies upon the prima facie effect of the certificate of admission issued to him by the Commissioner of Immigration for the port of New York upon his entry in December, 1928, which certificate states: "Condition of health—Good."

However, in complete rebuttal of the foregoing, there is evidence, and appellant's own admission, that he was an inmate of the state hospital for insane at Napa for several months in 1921. In a medical certificate, dated May 8, 1930, which is in the record, there appears the following account of appellant's condition: "General physical condition, epileptic. Sufferer of epilepsy. Has been an inmate of an institution for the insane, Napa, nine years ago, eight months, discharged. Large number of previous attacks, at times for fourteen years. Present attack rapid in onset. Sometimes violent. Supposed cause exciting insanity, epilepsy. Diagnosis, epilepsy."

There is also in the record a letter, dated April 2, 1931, written to the Immigration Department by the attorney who represented appellant during the deportation proceedings, which admits that "the evidence clearly shows that the epileptic condition complained of commenced during the residence of the alien in this country and was in existence prior to his last visit to Italy." However, aside from this admission, the record clearly shows that the finding of the Board is amply supported by the evidence; and there is nothing to indicate that the Board acted either arbitrarily or unfairly.

Affirmed.