**UNITED STATES ex rel. KATNIC v. REIMER.**

District Court, S. D. New York.
Dec. 16, 1938.

Irving Schwab, of New York City, for relator.

Lamar Hardy, U. S. Atty., of New York City (David McKibbin, 3rd, of New York City, of counsel), for respondent.

CONGER, District Judge.

The relator has been denied admission into the United States under Section 13(a)(3) of the Immigration Act of 1924 (8 U.S.C.A. § 213(a) (3), in that he was a quota immigrant and not a non-quota immigrant as specified in his immigration visa.

The alien, Ivan Katnic, a native of Jugoslavia, arrived in the United States on April 20, 1936, from Buenos Aires, Argentina. He resided continuously in the United States until May 7, 1937 when he departed for Spain with the intention of enlisting with the Spanish forces and thereafter remaining there to continue his trade as a stone mason. After his discharge from the Republican Army of Spain on September 12, 1938, the relator went to Le-Havre, France, and on September 24, 1938 he arrived from France and sought re-entry into the United States on the ground that he was returning "from a temporary visit abroad".

The exclusion order was issued on October 3, 1938 by the Board of Special Inquiry; an appeal was taken to the Secretary of Labor and the said order was affirmed.

The relator, through his attorney, has obtained a writ of habeas corpus of which the respondent asks a dismissal on the ground aforesaid.

■ The terse commentary of Judge Swan in the case of United States ex rel. Lesto v. Day, Commissioner of Immigration, 2 Cir., 21 F.2d 307, is the guiding principle to which all proceedings of this nature must be subjected. The Court there stated as follows: "It is well settled that administrative action by the immigration officials may not be upset by the courts, unless no fair investigation was had, or there was a manifest abuse of discretion, or some error of law was committed. Low Wah Suey v. Backus, 225 U.S. 460, 32 S. Ct. 734, 56 L.Ed. 1165; United States ex rel. Markin v. Curran, 9 F.2d 900 (C.C.A. 2). That the court itself might have reached an opposite conclusion upon the evidence is not enough to justify its interference. [Cases cited.] In the light of these principles the record must be examined."

Section 204(b) of Title 8 of the United States Code, 8 U.S.C.A. § 204(b) reads as follows: "When used in this subchapter the term 'nonquota immigrant' means— * * * (b) An immigrant previously lawfully admitted to the United States, who is returning from a temporary visit abroad".

The Court is of the opinion that this alien was not a non-quota immigrant, and must be excluded.

■ In the above cited case of United States ex rel. Lesto v. Day, supra, the Court said: " * * * Without attempting a complete definition of 'a temporary visit' we may say that we think the intention of the departing immigrant must be to return within a period relatively short, fixed by some early event." See U. S. ex rel. Alther v. McCandless, [3 Cir.] 46 F.2d 288, 290.

At the hearing before the Board of Special Inquiry, at Ellis Island on October 3, 1938, there were the following questions and answers:

"Q. What was your intention when you left the United States—was it to go to Spain and stay there for the rest of your life? A. Yes. It was my intention to remain there.

"Q. Is that the truth? A. Yes."

■ An examination of the testimony taken at the hearing, which presumably was a fair one, indicates that the relator had the intention of making his domicile outside the United States, and the evidence and surrounding circumstances conclusively establish that the alien was not returning "from a temporary visit abroad", and thus he is not a non-quota immigrant.

■ The relator contends that he should be admitted under Section 13(a) and (d) of the Immigration Act of 1924 (8 U.S.C.A. § 213(a) and (d), as follows:

(a) " * * * No immigrant shall be admitted to the United States unless he * * * (3) is a nonquota immigrant if specified in the visa in the immigration visa as such * * *."

(d) "The Secretary of Labor may admit to the United States any otherwise admissible immigrant not admissible under clause (2) or (3) of subdivision (a) of this section, if satisfied that such inadmissibility was not known to, and could not have been ascertained by the exercise of reasonable diligence by, such immigrant prior to the departure of the vessel from the last port outside the United States and outside foreign contiguous territory, or, in the case of an immigrant coming from foreign contiguous territory, prior to the application of the immigrant for admission."

The Court finds no basis for this contention. It is to be noted that this power given to the Secretary of Labor is purely discretionary, and the appeal to the Secretary of Labor having resulted in favor of the respondent, this Court is without power to change that ruling.

■ The relator further urges that he should not be excluded because the American Vice-Consul issued to him a non-quota visa, and this is therefore conclusive as to his entrance requirements. However, the Court finds this contention without foundation, inasmuch as the statute very definitely overrules it. Section 2(g) of the Immigration Act of 1924 (8 U.S.C.A. § 202(g), reads as follows: "Nothing in this subchapter shall be construed to entitle an immigrant, to whom an immigration visa has been issued, to enter the United States, if, upon arrival in the United States, he is found to be inadmissible to the United States under the immigration laws. The substance of this subdivision shall be printed conspicuously upon every immigration visa."

The Court is of the opinion that a fair hearing was had, and that the determina-

tion of the Board of Special Inquiry and of the Secretary of Labor was correct. The writ is therefore dismissed.