MATTER OF W——

In DEPORTATION Proceedings

A-10941470

*Decided by Board April 25, 1960*

**Deportability—Section 241(a)(3), 1952 act—Imposes upon alien burden of establishing that mental disability did not exist prior to entry.**

An alien institutionalized at public expense within five years of entry because of mental disability has the burden of establishing that the disability did not exist prior to his entry. Burden is not met where the only evidence offered to show that his mental illness did not exist prior to admission is the testimony of respondent, who is confined under a court order of commitment, and his wife's testimony which is inconsistent with previous statements.

CHARGE:

Order: Act of 1952—Section 241(a)(3) [8 U.S.C. 1251(a)(3)]—Institutionalized at public expense within five years after entry.

## BEFORE THE BOARD

**Discussion:** This case comes forward on appeal by the examining officer from a decision of the special inquiry officer dated December 17, 1959, terminating the proceedings.

The record relates to a native of Poland, presently stateless, 36 years old, male, who last entered the United States on February 14, 1957, and was admitted for permanent residence. The respondent was on May 22, 1959, ordered committed to the New Jersey State Hospital for the Insane at Marlboro, New Jersey, at public expense pursuant to a final order of commitment of the Union County Court of Union County, New Jersey. The commitment paper was predicated upon the certificates of two duly qualified physicians and the testimony of the wife.

In discussing the burden of proof under section 241(a)(3) of the Immigration and Nationality Act under which deportability is charged, the special inquiry officer sets forth that the Government must establish by reasonable, substantial and probative evidence that the respondent is deportable as charged; that the burden is upon the respondent to show initially that he did not have the disease

before he came to the United States. The special inquiry officer concludes that the respondent has by his own testimony and the testimony of his wife during the course of the hearing sufficiently carried the burden of showing that the illness had not existed prior to his entry into the United States so as to require the Government to controvert that showing by reasonable, substantial and probative evidence.

It is believed that the standard of burden of proof in this type of case is governed by the decision in *Matter of C——R——*, 7 I. & N. Dec. 124. Ordinarily, the burden of establishing deportability is upon the Government in an expulsion case. However, the statute in question, section 241(a)(3) of the Immigration and Nationality Act, provides for the deportation of an alien who thereafter, within five years after entry, becomes institutionalized at public expense because of mental disease, defect, or deficiency, *unless the alien can show that such disease, defect, or deficiency did not exist prior to his admission to the United States.* Thus, the statute specifically places the burden upon the alien to establish that the mental disease for which he "becomes institutionalized" did not exist prior to his admission to the United States. The respondent, if he does not meet this burden which is shifted to him by the specific language of the statute, is subject to deportation if the evidence affirmatively establishes that within five years after his entry he became institutionalized at public expense.

By way of analogy, comparison may be made with a somewhat similar ground of deportation in a prior statute, section 19(a) of the Immigration Act of 1917 (8 U.S.C. 155(a)) which provided for the deportation of any alien who, within five years after entry, became a public charge from cause not affirmatively shown to have arisen subsequent to landing. This section was judicially construed to mean that the alien had the burden of proving that the disease did not antedate his landing in the United States.[1]

In the instant case the only evidence offered to sustain the burden upon the alien of establishing that his mental illness did not exist prior to his admission was the testimony of the respondent and of his wife. The respondent is confined to a mental institution pursuant to a court order of commitment and his wife has given testimony which is inconsistent with previous statements. It is not believed that this type of evidence is sufficient to sustain the burden placed upon the respondent.

The case will be remanded for further hearing in order that the correct standard of burden of proof be applied. The respondent should have an opportunity to introduce testimony by a psychiatrist

---

[1] *Canciamilla v. Haff*, 64 F.2d 875; *Ex parte Wong Nung*, 30 F.2d 766; *United States ex rel. Casimano v. Commissioner of Immigration*, 15 F.2d 555 (1926).

to support his contention that his mental illness did not exist prior to his admission to the United States. In addition, he may submit affidavits of persons who knew him abroad relating to his behavior and other characteristics which might be helpful in assessing the onset of his mental illness. The service may produce such evidence as it deems appropriate.

**Order:** It is ordered that the case be remanded for further proceedings in accordance with the foregoing paragraph.