## In re NEUWIRTH.

(Circuit Court, S. D. New York. April 25, 1903.)

1. IMMIGRATION—EXCLUSION FOR DISEASE—CONCLUSIVENESS OF DECISION OF BOARD OF SPECIAL INQUIRY.

   Under the immigration act of March 3, 1903, c. 1012, 32 Stat. 1214, which provides by section 10 that the decision of the board of special inquiry, based on the certificate of the examining medical officer, shall be final as to the rejection of aliens afflicted with a loathsome or with a dangerous contagious disease, as under the prior act of August 18, 1894, c. 301, 28 Stat. 390 [U. S. Comp. St. 1901, p. 1303], the only jurisdictional fact necessary to the conclusiveness of such decision is the alienage of the immigrant, and when that is shown the decision cannot be reviewed by the courts on the question of the existence or character of the disease.

Application for Writ of Habeas Corpus. Hearing on writ and return.

Felix H. Levy, for the motion.
Edward Van Ingen, opposed.

LACOMBE, Circuit Judge.   Petitioner's son, Jacob Neuwirth, is an alien immigrant.   Upon certificate of the proper examining medical officer, the board of special inquiry unanimously voted to exclude him as having a loathsome disease, viz., favus of the finger nails.   They also found that he was likely to become a public charge.   Petitioner presents a sworn petition averring that his son is not suffering from a loathsome and dangerous contagious disease, but that his disease is curable and slight, and that he has improved since he arrived, and is almost cured, and that petitioner will support him if he is admitted. He also presents the affidavit of a physician, to the effect that while the condition of the immigrant's finger nails is not normal, he is doubtful whether he is suffering from favus; that, if he be, a slight operation will work a cure; and that in his opinion favus, in this form, is not a "loathsome" nor a "dangerous contagious" disease. Upon this record it can hardly be said that it is "affirmatively and satisfactorily shown that such person does not belong to one of the excluded classes" of immigrants.   Act March 3, 1903, c. 1012, § 2, 32 Stat. 1214.   Moreover, the tenth section of the same act provides:

"Sec. 10. That the decision of the board of special inquiry, hereinafter provided for, based upon the certificate of the examining medical officer, shall be final as to the rejection of aliens afflicted with a loathsome or with a dangerous contagious disease, or with any mental or physical disability which would bring such aliens within any of the classes excluded from admission to the United States under section two of this act."

The corresponding provision in earlier legislation read as follows:

"In every case where an alien is excluded from admission into the United States under any law or treaty now existing or hereafter made, the decision of the appropriate immigration or customs officers, if adverse to the admission of such alien, shall be final, unless reversed on appeal to the Secretary of the Treasury." Act Aug. 18, 1894, c. 301, § 1, 28 Stat. 390 [U. S. Comp. St. 1901, p. 1303].

Under this earlier act it has been repeatedly held that the only jurisdictional fact to be established in these cases was the alienage of the immigrant, and that when that appeared the court would not review the decision of the board either on habeas corpus or on certiorari.   The language of the act of 1903 (Act March 3, 1903, c. 1012, 32 Stat. 1213) is somewhat different, but it is not thought that by thus modifying it Congress intended to provide that before the decision of the board could be accepted as final by the court it must first be made to appear by independent proof as a jurisdictional fact that the rejected alien was actually afflicted with the specified disease. Such an interpretation would make the tenth section meaningless.

The writ of habeas corpus is dismissed.