UNITED STATES ex rel. PAZOS v. REDFERN, U. S. Com'r of Immigration.

(Circuit Court, E. D. Louisiana. June 25, 1910.)

No. 13,811.

1. ALIENS (§ 54*) — EXCLUSION — INQUIRY BOARD — INSPECTORS — QUALIFICATION.

Immigration Act Feb. 20, 1907, c. 1134, § 24, 34 Stat. 906 (U. S. Comp. St. Supp. 1909, p. 461), provides for the examination of an alien by an immigration inspector touching his right to land, and declares that if the inspector is dissatisfied, or the alien's right to enter is challenged by any other immigration officer, he must be held for further examination by a board of inquiry; and section 25 declares that such board shall consist of three immigration officials, except that, at ports where there are fewer than three immigration inspectors, other United States officials may be designated to serve. *Held* that, where there were only three immigration inspectors at a port where an alien attempted to land, the inspector who had examined her and had denied her right to enter was not competent to sit on a board of special inquiry, and a board consisting of three inspectors, of which such inspector was one, was illegal and without jurisdiction.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 54.*]

2. ALIENS (§ 49*)—RIGHT TO ENTER—MARRIED WOMEN.

Where relator was married to her husband in Cuba, and he had already entered the United States and was employed, earning daily wages sufficient to prevent himself and wife becoming public charges, and both were strong, healthy, and intelligent, relator was also entitled to enter.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 107; Dec. Dig. § 49.*]

———————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Habeas corpus by the United States, on relation of Mrs. Enriquita Pazos, to obtain her discharge from the custody of S. E. Redfern, United States Immigration Commissioner. Writ allowed, and petitioner discharged.

Jos. A. Morales and Henry J. Rhodes, for relator.

Charlton R. Beattie, U. S. Atty.

FOSTER, District Judge. In this case the petitioner prays for a writ of habeas corpus to discharge her from the custody of the commissioner of immigration at the port of New Orleans. The undisputed facts are as follows:

The petitioner arrived at the port of New Orleans from Cuba, and was duly examined by an immigrant inspector touching her right to land. He, not being satisfied she was entitled to enter the country, ordered her held for the action of a board of special inquiry. In due time the board met and denied her admission, on the ground that she was liable to become a public charge. Thereafter, on appeal to the Secretary of Commerce and Labor, the decision of the board was affirmed. This board was composed of three immigrant inspectors, one of whom was the identical inspector who had denied her admission. In all other respects her examination and detention appears to have been in conformity with law, and if the board was properly constituted I would have no jurisdiction to inquire into the case.

Congress has seen fit to vest the final decision as to the right of aliens to enter the country in the Department of Commerce and Labor, but that department is governed by certain rules and regulations which must be strictly construed in conformity with the eternal principles of justice and right. Immigration Act Feb. 20, 1907, c. 1134, § 24, 34 Stat. 906 (U. S. Comp. St. Supp. 1909, p. 461), provides that an alien coming to the United States shall be examined by an immigration inspector touching his right to land. As a matter of fact his admission is largely in the discretion of this officer. But if the examining inspector is dissatisfied, or the alien's right to enter is challenged by any other immigration officer, he must be held for further examination by a board of special inquiry. Section 25 provides that boards of special inquiry shall consist of three immigration officials, except that, at ports where there are fewer than three immigration inspectors, other United States officials may be designated to serve on such board.

It is urged by the respondent that there are but three immigrant inspectors at this port, and therefore it is necessary that they all serve upon every board of special inquiry, and, there being not less than three, no other United States officer can be designated to serve on such board. I do not agree with this contention. The law should be construed to mean that, in all cases where there are not three immigration officers eligible to serve, then other United States officers may be designated.

It is fundamental in American jurisprudence that every person is entitled to a fair trial by an impartial tribunal, and a board of special inquiry constituted as in this case is at least open to suspicion. I do

not believe the law contemplates that the inspector who makes the preliminary examination shall serve on the board of special inquiry, and I must hold in this case that the board which denied to petitioner the right to land was illegal and without power.

On the merits of the case the facts are with the relator. Her husband is already in the country. She has proven to my satisfaction, by witnesses whose veracity I have no reason to doubt, that she was legally married to him in Cuba. They both appear to be strong, healthy, and intelligent. The husband is employed and earning daily wages, small, it is true, but sufficient to prevent the couple becoming public charges.

The writ will be made absolute, and the relator will be discharged from custody.