Ex parte JOYCE.

PROUT v. BILLINGS.

(District Court, D. Massachusetts. July 14, 1913.)

No. 759.

1. ALIENS (§ 54*)—EXCLUSION·OF IMMIGRANTS—REVIEW BY HABEAS CORPUS.

The courts have no jurisdiction to review the action of the immigration authorities in rejecting an alien, unless he has been denied a fair hearing by such authorities.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

2. ALIENS (§ 54*)—EXCLUSION OF IMMIGRANTS—REVIEW BY HABEAS CORPUS.

Under Immigration Act Feb. 20, 1907, c. 1134, § 10, 34 Stat. 901 (U. S. Comp. St. Supp. 1911, p. 505), providing that the decision of the board of special inquiry based upon a certificate of the examining medical officer shall be final as to the rejection of aliens affected with tuberculosis or other mental or physical disabilities, the fact that cogent evidence was not submitted to the board, that its decision was believed to be erroneous, or that its rulings transgressed the ordinary rules of evidence as applied in the courts, did not justify an application to the District Court to retry the case upon habeas corpus proceedings, as it must appear that the hearing was essentially unfair, or that it violated some fundamental principal of law, without the observance of which no just determination of the question at issue was possible.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

3. ALIENS (§ 42*)—EXCLUSION OF IMMIGRANTS—MEDICAL BOARD—DISQUALIFICATION.

A medical inspector, who examined an alien in the first instance and certified that she was feeble-minded, was not thereby disqualified from sitting as a member of the medical board, as that board is not· an appellate tribunal to correct the errors of the medical inspector, but merely furnishes information to the board of special inquiry, which is to decide the case.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 101; Dec. Dig. § 42.*]

4. ALIENS (§ 44*)—EXCLUSION OF IMMIGRANTS—POWER OF BOARD OF SPECIAL INQUIRY.

A board of special inquiry in admitting or rejecting an alien is not bound by the opinion of the medical board, and in reaching a decision should consider all the evidence brought to its attention.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 102–104; Dec. Dig. § 44.*]

5. ALIENS (§ 54*)—EXCLUSION OF IMMIGRANTS—POWER OF BOARD OF SPECIAL INQUIRY.

The hearing before a board of special inquiry, which rejected an alien was not so manifestly unfair as to justify a review of the board's action on habeas corpus, because the members of the medical ·board who certified that she was feeble-minded were unable to converse with her on account of her ignorance of the English language, or because one of such members was the medical inspector who examined her in the first instance and certified that she was feeble-minded.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date & Rep'r Indexes

6. ALIENS (§ 44*)—EXCLUSION OF IMMIGRANTS—POWER OF BOARD OF SPECIAL INQUIRY.
A board of special inquiry may, in rejecting an alien, rely solely on the medical report and certificate if it chooses to do so; but, if it so relies, because it feels obliged to follow such report without considering other evidence, it commits an error of law of such a fundamental character that its decision is unfair to the alien and ought not to stand.
[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 102–104; Dec. Dig. § 44.*]

7. ALIENS (§ 54*)—EXCLUSION OF IMMIGRANTS—POWER OF BOARD OF SPECIAL INQUIRY.
An alien who has been excluded by a board of special inquiry under a fundamentally erroneous view of the law has not had a fair hearing and may be reheard on habeas corpus.
[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

8. ALIENS (§ 54*)—EXCLUSION OF IMMIGRANTS—POWER OF BOARD OF SPECIAL INQUIRY.
An alien petitioning for a writ of habeas corpus is bound to show that the hearing before the immigration authorities, by whom she was rejected, was not fair, and this burden was not met, where the record and evidence left it uncertain whether the board of special inquiry excluded her because it understood that the law required it to do so on account of the medical certificate, or because, after considering all the evidence and exercising its own judgment, it concluded that she was feeble-minded.
[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

Petition for a writ of habeas corpus on behalf of Nora Joyce, by one Prout against George B. Billings. Petition denied without prejudice.

See, also, 212 Fed. 285.

William C. Prout, of Boston, Mass., for petitioner.

William H. Garland, Asst. U. S. Atty., of Boston, Mass., for respondent.

MORTON, District Judge. This is a petition for a writ of habeas corpus on behalf of Nora Joyce, an alien immigrant who is detained by the immigration officials at the Port of Boston for deportation.

[1, 2] Of course, this court has no jurisdiction of the matter unless the alien has been denied a fair hearing by the immigration authorities. Low Wah Suey v. Backus, 225 U. S. 460, 32 Sup. Ct. 734, 56 L. Ed. 1165. All questions which arise in immigration cases must be tried out before the immigration tribunals. The fact that cogent evidence was not submitted to them, or that their decision is believed to be erroneous, is no ground for an application to this court to retry the case upon habeas corpus proceedings. The decision of the board of special inquiry is final in this class of cases. Immigration Act, § 10.

The petitioner does not complain of the conduct of the board of special inquiry by which she has been excluded, except that it based its final action solely upon a medical certificate which she says was unfairly made for the following reasons: First, that Dr. Safford, who had examined her in the first instance and certified that she was feeble-

minded, sat as a member of the medical board which made said certificate; and, second, that Dr. Safford in his original certificate, and the medical board in its certificate, found her to be feeble-minded without, as she now contends, being able to converse with her, on account of her ignorance of the English language, sufficiently to make a fair determination of her mental ability.

[3, 4] The tribunal by which the right of an alien to enter is to be determined is the board of special inquiry. As I understand the act, the medical board is not an appellate tribunal to correct the errors of the medical inspector; its members are merely called upon to furnish information to the board of special inquiry which is to decide the case, their opinion, as contained in their required certificate, or as given orally at the hearing, is evidence to be considered by the board of special inquiry. The board of special inquiry is not bound by the opinion of the medical board, and ought, in reaching a decision, to consider all evidence which is brought to its attention. If this be a correct view of the law, the fact that Dr. Safford had already expressed an opinion did not disqualify him from acting as a member of the medical board. U. S. ex rel. Pazos v. Redfern (C. C.) 180 Fed. 500, does not apply.

It is not sufficient to justify the interference of this court that the rulings of the board of special inquiry transgressed the ordinary rules of evidence as applied in courts of law. It must appear that the hearing was essentially unfair, or that it violated some fundamental principle of law without the observance of which no just determination of the question at issue was possible. When such facts do appear, this court will not hesitate to interpose to protect the person wronged; and it seems to me that, in view of the extreme importance of the decisions of immigration tribunals to the individuals affected thereby, the courts ought to interpose more readily than would otherwise be the case when any real unfairness is shown.

[5] The facts that Dr. Safford had previously examined the alien and stated that she was feeble-minded, and that the medical board of which he was a member certified that she was feeble-minded without being able to converse with her, might affect the weight of the evidence, but would hardly render it inadmissible. It may be that a mere inspection of the applicant disclosed that she had not normal intelligence. I certainly cannot say that the hearing was "manifestly unfair" (U. S. ex rel. Rosen v. Williams, infra) because this evidence was received.

[6, 7] The doubt about the case arises from the fact that, as stated in the answer, "said decision (of the board of special inquiry) was based *solely* upon the report and certification of a duly constituted medical board which was then and there convened to rehear and examine the said Nora Joyce." If this means that the board of special inquiry *chose* to rely "solely upon the (medical) report and certificate," no legal error has been made; if it means that the board *felt obliged* to follow the medical report, without considering any other evidence upon the alien's mental condition, an error in law of such a fundamental character has been made that the decision based upon it was

unfair to the applicant and ought not to stand. An applicant who has been excluded by a board of special inquiry under an erroneous view of the law has not had a fair hearing and may be reheard on habeas corpus proceedings. Gonzales v. Williams, 192 U. S. 1, 24 Sup. Ct. 171, 48 L. Ed. 317; U. S. ex rel. Mylius v. Uhl (D. C.) 203 Fed. 152; U. S. ex rel. Castro v. Williams (D. C.) 203 Fed. 155; U. S. ex rel. Rosen v. Williams, 200 Fed. 541, 118 C. C. A. 632.

[8] Upon the record and evidence here, it is uncertain whether the board of special inquiry excluded the petitioner because it understood the law to be that it must do so on account of the medical certificate, or whether it excluded her because, after considering all the evidence and exercising its own judgment, it concluded that she was feeble-minded. It devolves upon the petitioner to establish that the hearing before the immigration authorities was not a fair one. She has not done so; and the petition must therefore be denied, but without costs. and without prejudice to her right to bring a new petition if she expects to establish that the immigration authorities acted under such a mistake of law as has been referred to.