### UNITED STATES ex rel. GOLDBAUM v. CURRAN, Commissioner of Immigration.

(District Court, S. D. New York. January 29, 1924.)

1. Aliens ⊗⟝54—Decision by medical board that alien is feeble-minded not re-viewable by courts.

    The decision by a medical board appointed by the Surgeon General that an alien applicant for admission was feeble-minded, made after tests and by a standard which the members believed to be in accord with psychiatric usage, is not reviewable by the courts.

2. Aliens ⊗⟝54—Appointment of examining medical officers on appellate board does not render hearing on appeal unfair.

    The hearing on appeal from the decision of the examining medical of-ficers that an alien applicant for admission was feeble-minded is not unfair, because the Surgeon General appointed on the appellate board, convened pursuant to Immigration Act Feb. 5, 1917, § 16 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼i), the two medical officers who made the first examination.

---

⊗⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Habeas Corpus. Petition by the United States, on the relation of Raisel Goldbaum against Henry H. Curran, Commissioner of Immigration, for writ of habeas corpus. Writ dismissed, and relator remanded.

Habeas corpus to review the exclusion of an alien child, 13 years of age. The relator was examined by two medical officers of the United States Public Health Service on her arrival, who after several sittings pronounced her feeble-minded within the meaning of section 3 of the Immigration Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b). Later she appealed to a board of three medical officers, selected under section 16 (section 4289¼i) by the Surgeon General, consisting of the two who had first examined her and a third, likewise of the United States Public Health Service. At the hearing on appeal she was represented by a medical expert chosen by her father. The board affirmed the original finding, and upon their certificate a board of special inquiry excluded her under section 17 (section 4289¼ii).

Two points are raised: First, that the board of appeal was irregular, because it was composed in part of the original medical officers; second, that the hearing was unfair, and not within the meaning of the act. A traverse being filed to the return, the case went to a special master, who reported that the hearing had been fairly conducted.

Joseph G. M. Browne, of New York City, for relator.
- John C. Thomas, for respondent.

LEARNED HAND, District Judge (after stating the facts as above). The objection to the fairness of the hearing does not go to the honesty or impartiality of the medical board, but to the unfitness of the tests which they applied to determine the mental capacity of a child of the relator's age; that is, the charge is not that the board applied the tests unfairly in this particular instance, or that the child would in fact have passed them, if fairly treated. Hence the question is whether the medical board understood how to ascertain the condition of feeble-mindedness; in short, whether it was competent for its duties. The case is therefore not the usual one of whether a board of special inquiry has acted without any evidence. Gegiow v. Uhl, 239 U. S. 3, 36 Sup. Ct. 2, 60 L. Ed. 114. Feeble-mindedness is indeed a question of fact, but it turns upon a standard not fixed by law, but by psychiatry; judges must accept it from expert opinion.

[1] There is no question that the medical officers appointed by the Surgeon General believed that the standard adopted by them was in accord with psychiatric usage. In practice that will always be enough, for the statute gives to an alien no more than the right to an honest decision by such officers as the Surgeon General may believe to be competent. Their finding is itself expert opinion that the standard used by them was proper. In such cases courts may not interfere, unless the alien in fact complied with all the tests or the officers later admit that the standards used were wrong. Hence the issue tried before the master turns out to be nonjusticiable here, and the board's finding is beyond attack.

[2] The second point is more troublesome. Section 16 intrusts the original examination to two medical officers of the United States Public Health Service. From their certificate the alien is given an appeal to a board of medical officers, likewise of the United States Public Health Service, whom the Surgeon General is to select and convene. On that appeal the alien may call one expert witness of his own. Obviously

the hearing on appeal is to be a reconsideration of the whole matter, first, because of this new evidence; and, second, because the appeal can in any event be decided only after a fresh examination of the alien. There is no record to review, as we know it in judicial procedure.

There seems to me no necessary reason why the Surgeon General should not appoint one or both of the original medical officers on this appellate board, though I should think it was generally undesirable. Certainly he should scrutinize the character of the men whom he appoints for so delicate a duty. However, it is by no means beyond the compass of human impartiality to reconsider the correctness of one's former conclusions. The appeal is quite different from the original ex parte examination of the alien. Since he is prima facie non sui compos, it is the first time that his case can be competently and contentiously presented, and many, perhaps most, men would feel no humiliation in changing their minds under such circumstances.

The statute is drawn with minute detail and has been often amended; one ought to hesitate before implying conditions in it. If the relator be right, either five medical officers must be stationed at all ports of entry, or they must be assembled whenever an appeal is taken. The statute is of general application over the country, and I question whether Congress meant to require so much. Rather I should suppose that matters like this were meant to be left to the good judgment of the Surgeon General when he made up the appellate board.

While I do not think the analogy in point, it is perhaps pertinent to say that the relator is quite wrong in supposing that a judge was disqualified at common law from sitting in review of his own decisions. The practice was extremely common in the law courts of England; and still obtains in this country, at least in Massachusetts and elsewhere, though not generally. True, judges are thought to have more detachment than others; but, when they sit, it is in cases where the whole matter has been once contentiously argued. The case at bar, if we are to look to judicial precedents at all, which I question, is rather like a hearing on return day after the preliminary consideration given by a judge before issuing an ex parte stay. At any rate, all that courts can look at in reviewing such proceedings as these is whether the alien has had the substance of a fair hearing. U. S. ex rel. Bilokumsky v. Tod, 263 U. S. 149, 44 Sup. Ct. 54, 68 L. Ed. ——. I think that an unfair hearing did not result because the Surgeon General made up the appellate board under section 16 with two of the original examining medical officers.

Writ dismissed; relator remanded.