### GEE SHEW HONG v. NAGLE, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. March 28, 1927.)

No. 5035.

Aliens ⚖=32(13)—Medical certificate that applicant was free of dangerous or loathsome disease held not conclusive, so as to make second examination void (Immigration Act 1917, §§ 3, 16, 17 [Comp. St. §§ 4289¼b, 4289¼i, 4289¼ii]).

Under Immigration Act 1917, §§ 3, 16, 17 (Comp. St. §§ 4289¼b, 4289¼i, 4289¼ii), medical certificate issued by officers of United States Public Health Service, stating that applicant for admission was free of loathsome or dangerous disease, was not final and conclusive on board of special inquiry, so as to make a second examination, which disclosed that applicant was afflicted with loathsome or dangerous disease, and certification thereof to board, void, so as to prevent applicant's exclusion on the basis thereof.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; George M. Bourquin, Judge.

Petition for habeas corpus by Gee Shew Hong against John D. Nagle, as Commissioner of Immigration for the Port of San Francisco. From an order denying the writ, petitioner appeals. Affirmed.

Stephen M. White, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a petition for a writ of habeas corpus. The question involved is somewhat out of the ordinary in this class of cases. Briefly stated the facts are as follows:

The appellant Gee Shew Hong arrived at the port of San Francisco from China on September 8, 1926, and applied for admission into the United States as the minor son of a Chinese merchant domiciled here. Immediately upon his arrival he was examined by the medical officers of the United States Public Health Service and was found to be free from any loathsome or dangerous contagious disease. This fact was certified to the Commissioner of Immigration. On November 3, 1926, the appellant was examined by a board of special inquiry touching his admissibility under the Chinese treaty and exclusion laws, and was found to be admissible thereunder. For some reason not disclosed by the record the Commissioner of Immigration and the board of special inquiry then referred the case back to the medical officers for a further physical examination. Upon such further examination the medical officers found that the appellant was afflicted with a loathsome or dangerous contagious disease known as chlonorchiasis and such fact was certified back to the board of special inquiry. Because of this second certificate the right to admission was denied and the present proceeding was thereupon instituted.

No claim is made that the appellant was not so afflicted both at the time he first applied for admission and at the time of his second examination. He bases his right to admission upon the broad ground that the first certificate was final and conclusive and that the second examination and certificate were unauthorized. Section 3 of the Immigration Act of 1917 (39 Stat. 875 [Comp. St. § 4289¼b]), excludes from admission into the United States persons afflicted with a loathsome or dangerous contagious disease. Section 16 (Comp. St. § 4289¼i) provides that a physical and mental examination

of all arriving aliens shall be made by medical officers of the United States Public Health Service, who shall conduct all medical examinations and shall certify, for the information of the immigration officers and the board of special inquiry, any and all mental or physical defects or diseases observed by them in any such alien. Section 17 (Comp. St. § 4289¼ii) provides that in every case where an alien is excluded from admission into the United States under any law or treaty now existing or hereafter made, the decision of a board of special inquiry adverse to the admission of such alien shall be final, unless reversed on appeal to the Secretary of Labor; provided, that the decision of a board of special inquiry shall be based upon a certificate of the examining medical officers, and shall be final, as to the rejection of aliens affected with mental or physical disability such as would bring them within the excluded classes.

As already stated, the appellant challenged the order of exclusion upon the ground that the first certificate given by the medical officers was final and that the second examination and certificate were unauthorized and void. This contention finds support in the decision in United States v. Tod (C. C. A.) 1 F.(2d) 246, but a writ of certiorari was there granted, 266 U. S. 599, 45 S. Ct. 125, 69 L. Ed. 461, and the judgment was later reversed on confession of error by the Solicitor General, 267 U. S. 571, 45 S. Ct. 227, 69 L. Ed. 793. We cannot agree that the medical certificate has any such finality or conclusiveness as is claimed for it. The power to admit and exclude aliens is vested in a board of special inquiry, subject to the right of appeal, not in the medical officers of the Public Health Service. The certificate is furnished "for the information of the immigration officers and the board of special inquiry" and is evidence and nothing more. True, an excluding decision is not final unless based on the certificate of the medical officers, but the certificate itself may be challenged, at least by the alien. Thus in Billings v. Sitner (C. C. A.) 228 F. 315, a board of special inquiry had held that it was bound by the certificate of the medical examiner, notwithstanding any other evidence in the case, and in affirming an order of discharge the Circuit Court of Appeals said:

"Section 10 of the act provides that the board's decision 'based upon the certificate of the examining medical officer' shall be final as to the rejection of aliens affected with mental or physical disability which would bring them within the excluded classes. But this cannot mean that the certificate is to take the place of a fair hearing by the board. Such a construction would result in giving the inspecting medical officer, instead of the board, the power of final decision. Although immigration rule 17, subdivisions 4, 5 (note), state that the board is 'virtually compelled' to base its decision upon the certificate, we hold that it has no right to do so without exercising its own judgment, after considering not only the certificate, but whatever other evidence there may be touching the alien's right to enter."

See, also, Ex parte Joyce (D. C.) 212 F. 282.

And if the certificate may be challenged by the alien by showing that he was not in fact afflicted with a loathsome or dangerous contagious disease, may it not likewise be challenged by the government by competent evidence, and is not a second certificate competent evidence for that purpose? In the exercise of their authority to admit and exclude aliens it is the duty of the immigration officers to inquire into every fact material to a correct decision of the matter before them and they have full and complete authority to that end as long as the case remains within their jurisdiction. Surely it cannot be successfully maintained that they are bound to admit an alien known or believed to be inflicted with a loathsome or dangerous contagious disease, simply because a medical officer has inadvertently or inadvisedly so certified. Under such a rule the officers would be compelled to admit the alien and then proceed to arrest and deport him for an illegal entry under another provision of the statute. Pearson v. Williams, 202 U. S. 281, 26 S. Ct. 608, 50 L. Ed. 1029.

One of the rules of the department provides that in the case of Chinese aliens, they shall be first examined under the immigration laws, and it is claimed that this rule was violated in this case. But if the board of special inquiry and the Commissioner of Immigration had authority to direct a further physical examination there has been no reversal of the order of procedure, even if a reversal would constitute prejudicial error, and this we are not prepared to concede.

The order of the court below is affirmed.