## UNITED STATES ex rel. PAPA v. DAY, Commissioner of Immigration.

District Court, S. D. New York.
Dec. 10, 1930.

Morris Jay Meekler and H. Edwin Gold, both of New York City, for relator.

The United States Attorney (Vito Marcantonio, Asst. U. S. Atty., of New York City, of counsel), for the Commissioner of Immigration.

WOOLSEY, District Judge.

This matter is referred back to the Commissioner of Immigration in the port of New York on an order which will contain the following instructions: (1) That a physician

representing the relator—to be paid in advance by the relator a fee of not exceeding $100 and to be named by the court—be permitted to have an opportunity of examining fully Kalije Papa, the excluded alien, and of conferring with the physicians who have already examined her; (2) that, within not less than one week or more than two weeks after the date of such examination, on three days' notice to the relator's physician, the Commissioner shall hold a new hearing at which the evidence of the relator's physician and of the Department's physicians who have examined Kalije Papa is to be taken in full so that their qualifications and experience and the reasons for their opinions may be fully shown in the record; and (3) that thereafter, with all convenient speed, the Commissioner shall submit a new report to the court in accordance with this opinion, setting forth in full the evidence so taken with its findings thereon.

■ I. I have had occasion to express my views in another exclusion case to the effect that medical certificates, however satisfactory they may be as intradepartmental memoranda, are not satisfactory as a basis for judicial action, and that for such purposes medical evidence should preferably be taken in question and answer form, but, if not so taken, should at least be in the form of an affidavit, with the qualifications and experience of the doctor or doctors fully set forth, together with the reasons for the opinion at which they have arrived. U. S. ex rel. Fong On v. Day (D. C.) 39 F.(2d) 202, 203.

Judge Learned Hand, in writing for the Circuit Court of Appeals in U. S. ex rel. Powlowec v. Day, 33 F.(2d) 267, at page 268, made a similar suggestion near the end of his opinion, where he said:

"It is indeed another matter whether the certificate should not itself state the evidence upon which the conclusion is based, and what efforts have been made to ascertain the facts between entry and arrest. Certainly that is desirable."

In this connection see, also, the decision of the Circuit Court of Appeals for this Circuit in U. S. ex rel. Devenuto v. Curran, 299 F. 206, at pages 212, 213.

It was on this last-mentioned case that the procedure I followed in the Fong On Case, above cited, was based.

■ II. The procedure here suggested does not involve the court's passing on the weight of the evidence before the immigration inspectors, but involves the reasonable requirement that the court shall have an intelligible record before it from which it can determine whether there is any real expert evidence to support the findings of the Department.

It must be remembered that in matters of this kind the Department of Labor and the court are dealing usually with a very defenseless class of people, who are almost wholly at the mercy of the government. Great care should be exercised, therefore, that whatever is done is affirmatively shown to be within the law, for a mistake in a matter of this kind may cause much unnecessary human suffering.

■ III. The relator has stated that he desired to have an examination by a physician chosen by the court to check the correctness of the diagnosis by the medical men of the Department, and would pay the fees of such a physician, provided they did not exceed $100. The failure of the Department to put before me a record according with the views which I expressed in the Fong On Case affords me the opportunity of complying with that reasonable request. I have arranged, therefore, through a doctor who is an expert on tuberculosis well known to me, that on payment of his fee by the relator in advance he will be ready to comply with the procedure above prescribed.

An order in accordance with this memorandum, in which a blank space must be left for the name of the relator's physician, whom I shall appoint, may be presented for settlement on two days' notice.