## UNITED STATES ex rel. FRUMCAIR v. REIMER, Director of Immigration and Naturalization.

District Court, S. D. New York.
Sept. 1, 1938.

Merbaum & Schwab, of New York City, for relator.

Lamar Hardy, U. S. Atty., of New York City (Myles J. Lane, Asst. U. S. Atty., of New York City, of counsel), for respondent.

PATTERSON, District Judge.

A writ of habeas corpus was issued to try the relator's claim that she is being excluded from the country unlawfully. The relator, an alien, came here from Europe as a temporary visitor. On arrival she was subjected to medical examination. The medical officers gave a certificate that she was afflicted with a loathsome or dangerous contagious disease not easily curable, ringworm of the toenails. With the certificate before it, a board of special inquiry at Ellis Island ordered exclusion. The relator's attorney a few days later asked that the hearing be reopened, presenting a written statement by a doctor to the effect that ringworm of the nails was comparable to the condition called "athlete's foot" and was neither loathsome nor dangerous. The attorney asked leave to present medical evidence along the same line. The board did not reopen the case. The alien then undertook an appeal to the Secretary of Labor. The Secretary, acting by the board of review, held that there could be no appeal from the excluding order and dismissed the appeal. The Secretary also declined to admit the alien temporarily under the power reposed in her by 8 U.S.C.A. § 136(q). The alien then took out a writ of habeas corpus. She does not dispute that she has the disease; she insists that it is neither loathsome nor dangerous. She further says that the board's refusal to reopen the case and to hear medical testimony in opposition to the certificate deprived her of a fair hearing.

By act of Congress aliens afflicted "with a loathsome or dangerous contagious disease" are barred from entering the United States. Act of February 5, 1917, section 3, as amended March 4, 1929, 8 U.S.C.A. § 136. The law provides that all arriving aliens shall be examined by medical officers, under regulations prescribed by the Surgeon General of the Public Health Service. 8 U.S.C.A. § 152. It also provides that boards of special inquiry appointed by the commissioner of immigration or inspector in charge at the various ports shall have authority to determine whether an alien shall be allowed to land or shall be excluded; an alien ordered excluded may appeal to the Secretary of Labor. 8 U.S.C.A. § 153. The same section provides: "The decision of a board of special inquiry shall be based upon the certificate of the examining medical officer and, except as provided in section 158 of this title, shall be final as to the rejection of aliens affected with tuberculosis in any form or with a loathsome or dangerous contagious disease, or with any mental or physical disability which would bring such aliens within any of the classes excluded from admission to the United States under section 136 of this title." Section 158 has no application to a case like the present one. By regulations of the Public Health Service, prepared by the surgeon general and governing medical examination of aliens, revised in August 1930, ringworm of scalp, nails or beard is rated as a loathsome or dangerous contagious disease.

Congress has committed the administration of the immigration laws to the Department of Labor. The admission or exclusion of an incoming alien is made a matter for decision by officers of that Department, a board of special inquiry in the first instance and the Secretary of Labor on appeal. The courts may not interfere, beyond seeing to it that the alien has a fair hearing and that the officers of the Department of Labor do not abuse their discretion. Gegiow v. Uhl, 239 U.S. 3, 36 S.Ct. 2, 60 L.Ed. 114; U. S. ex rel. Vajtauer v. Commissioner, 273 U.S. 103, 47 S. Ct. 302, 71 L.Ed. 560. With respect to the exclusion of aliens for disease, the statute makes the determination of the examining medical officers decisive. It is manifest, from the statutory provision that the decision of the board of special inquiry shall be based on the medical certificate and shall be final, that Congress did not intend that

evidence in contradiction of the findings of the medical officers should be considered by the board or by the Secretary or by any court. Certainly the courts on habeas corpus may not go behind the medical certificate, and the cases in this circuit have so held. In re Neuwirth, 123 F. 347, C.C.N. Y.; United States ex rel. Feuerstein v. Tod, 2 Cir., 296 F. 127; United States ex rel. Goldbaum v. Curran, 298 F. 118, D.C. N.Y.; United States ex rel. Duner v. Curran, 2 Cir., 10 F.2d 38. Apparently the rule in the First Circuit is the other way. Billings v. Sitner, 1 Cir., 228 F. 315; Ex parte Liang Buck Chew, 296 F. 182, D.C.Mass.

These principles require that the writ be dismissed. The examining medical officers certified the alien as afflicted with ringworm of the nails and further certified that this disease is a loathsome or dangerous contagious disease. The regulations of the Public Health Service so classified ringworm of the nails. The board of special inquiry was bound by that certificate. Under the law as it now reads, the board had no choice but to exclude the alien, as afflicted with a loathsome or dangerous contagious disease. The board therefore acted properly in refusing to open the case so as to hear medical evidence in the alien's behalf. And the courts may not give consideration to any evidence attacking the certificate on the ground that the disease in question is neither loathsome nor dangerous. In re Neuwirth, supra, is almost identical to this case. In Hee Fuk Yuen v. White, 9 Cir., 273 F. 10, 14, the court said: "The petitions attempt to put in issue the character of clonorchiasis, and they allege that it is not a dangerous contagious disease. With that issue the courts have nothing to do. Section 3 of the Act of February 5, 1917, excludes from admission into the United States persons afflicted with tuberculosis, or with a loathsome or contagious disease, and the statute provides that the decision of the board of special inquiry adverse to the admission of the alien shall be final, where it is based upon a medical certificate showing that the alien is afflicted with a dangerous contagious disease. The Surgeon General, in pursuance of the authority conferred upon him by section 16 of the act, has classified clonorchiasis as a dangerous contagious disease."

In face of the medical certificate the alien could not lawfully be admitted, except by exercise of the power given to the Secretary of Labor under Section 136(q) to

admit inadmissible aliens for a temporary stay under bond. The Secretary, acting by the board of review, refused to exercise the power, and such discretionary refusal is not subject to control by the courts.

I have gone into the case in detail, perhaps in greater detail than necessary, because my first impression was that the relator was being excluded for a trifling ailment and that the case was one where the courts ought to give relief. A more careful study has convinced me that whatever the true character of the ailment may be, and as to that I say nothing, the courts are foreclosed from interfering with the decision of the immigration officials where the medical certificate on arrival shows that the alien is afflicted with a loathsome or dangerous contagious disease. The writ will be dismissed.