In re UNITED STATES ex rel. OBUM.

Ex parte JOHNSON.
Civ. 45–577.

United States District Court
S. D. New York.
July 6, 1948.

Judgment Affirmed Nov. 29, 1948.
See 170 F.2d 1009.

several grounds for her discharge not previously asserted.

The following facts are not disputed: Relator is 33 years of age, a native of Sweden. She arrived at the Port of New York on March 1, 1948, in possession of a valid visa for permanent residence in the United States. She was examined by surgeons of the U. S. Public Health Service and certified to be mentally defective. On March 16, 1948, she was accorded a hearing before a Board of Special Inquiry, at the conclusion of which she was advised as follows:

Q. You are advised that the certification entered in your case renders you mandatorily excludable insofar as this board is concerned, from which exclusion there is no appeal. However, you may appeal from the certificate issued by the Public Health Service to a medical board to be convened by the Public Health Service, at which time you may be represented by a physician of your own selection to give testimony in your behalf. Do you wish to appeal to such a Board? A. Yes, I wish to appeal.

Thereafter she appealed to a Board of Medical Officers of the U. S. Public Health Service which examined the Relator and heard testimony from a physician called by her. It concurred in the original certificate. On April 6, 1948, Relator again had a hearing before a Board of Special Inquiry at which she was represented by counsel and had the assistance of an interpreter. The Board made findings of fact, including, "6) That there has issued in your case medical certificate certifying you to be 'mental defective, class A' which certificate has been affirmed by a Board of Medical Officers pursuant to your appeal to such a Board." It also reached a conclusion of law, "That you are inadmissible to the United States under Section 3 of the Immigration Act of February 5, 1917 in that you have been certified by surgeons of the U. S. Public Health Service to be mentally defective. Class A".

Relator's first specification is that the Board of Special Inquiry made no independent finding that she was mentally defective; that it regarded itself as bound by the certificate. I agree that the Board act-

Gunther Jacobson, of New York City, for relator.

John F. X. McGohey, U. S. Atty., and William J. Sexton, both of New York City, for respondent.

RIFKIND, District Judge.

A writ of habeas corpus, issued on a petition challenging the detention of May Johnson (whom I shall call the Relator) under an order of exclusion was discharged on June 10, 1948. She has brought on a motion for reargument and has advanced

ed in reliance upon the certificate but I hold that in so doing it acted within the law. Section 136 of Title 8 U.S.C.A. provides as follows: "The following classes of aliens shall be excluded from admission into the United States: * * * (d) Persons not comprehended within any of the classes enumerated in paragraphs a, b, or c, who are found to be and are certified by the examining surgeon as being mentally or physically defective, such physical defect being of a nature which may affect the ability of such alien to earn a living—".

Section 153 of the same title provides: "The decision of a board of special inquiry shall be based upon the certificate of the examining medical officer and, except as provided in section 158 of this title, shall be final as to the rejection of aliens affected with tuberculosis in any form or with a loathsome or dangerous contagious disease, or with any mental or physical disability which would bring such aliens within any of the classes excluded from admission to the United States under Section 136 of this title."

Relator relies upon Ex parte Joyce, D.C. Mass.1913, 212 F. 282; Billings v. Sitner, 1 Cir., 1915, 228 F. 315. Both of these cases were decided under the 1907 statute, whereas the instant case is under the 1917 Act. The 1907 statute, Act of February 20, 1907, c. 1134, Sec. 10, 34 Stat. 901, did not provide that the decision of the board of special inquiry "shall be based upon the certificate". It provided merely "that the decision of the board of special inquiry, hereinafter provided for, based upon the certificate of the examining medical officer, shall be final" in stated instances.

Relator also relies on Ex parte Liang Buck Chew, D.C.Mass.1923, 296 F. 182. That case came up under the 1917 Act. Even that is distinguishable in that the alien was there excluded under Section 136 (c), whereas here the Relator has been found to belong under 136(d). There is a striking difference in the language of the two subsections. The exclusion of 136(d) is not directed against "mental defectives" but against persons "who are found to be

and are certified by the examining surgeon as being mentally * * * defective". I do not emphasize this distinction. Judge Patterson, in United States v. Reimer, D.C. S.D.N.Y.1938, 25 F.Supp. 552, 553, in the case of an alien excluded under Section 136(c) held that the determination of the examining medical officer was decisive. He noted that "apparently the rule in the First Circuit is the other way".

I conclude that the first specification is without merit.

■ Relator's second specification is that the Board of Special Inquiry was not constituted in compliance with the Administrative Procedure Act, 5 U.S.C.A. Section 1010. Assuming that to be so, such boards have a dispensation accorded to them by Section 1006 of the Act, which, so far as is pertinent, reads as follows: "(a) There shall preside at the taking of evidence (1) the agency, (2) one or more members of the body which comprises the agency, or (3) one or more examiners appointed as provided in this chapter; but nothing in this chapter shall be deemed to supersede the conduct of specified classes of proceedings in whole or part by or before boards or other officers specially provided for by or designated pursuant to statute".

Boards of special inquiry operating under the Immigration Act are "specially provided for by or designated pursuant to statute" 8 U.S.C.A. § 153.

■ Finally, Relator objects that the certificate of the examining surgeons does not disclose that they have had "especial training in the diagnosis of insanity and mental defects" as prescribed by 8 U.S.C.A. § 152.[1] It is to be noted that Relator does not assert that they lack that qualification. The presumption of regularity in the conduct of official business, it seems to me, is sufficient to preserve the validity of the certificate, at least, in the absence of an affirmative showing of non-compliance with the statute.

The motion for reargument is granted, and upon such reargument the original decision is adhered to.

---

[1] Cf. United States v. Day, 2 Cir., 1929, 33 F.2d 267; and United States v. Day, D.C. S.D.N.Y.1930, 45 F.2d 435.