**UNITED STATES ex rel. FRISCH et al. v. MILLER, District Director of Immigration and Naturalization.**

**No. 13008.**

United States Court of Appeals Fifth Circuit.

April 7, 1950.

Louis A. Sabatino, Miami, Fla., for appellants.

Ernest L. Duhaime, Assistant U. S. Attorney, Miami, Fla., Herbert S. Phillips, U. S. Attorney, Tampa, Fla., for appellee.

Before HUTCHESON, Chief Judge, and WALLER and RUSSELL, Circuit Judges.

WALLER, Circuit Judge.

Petitioners below appeal from an order denying the issuance of a writ of habeas corpus wherein petitioners sought to secure their discharge from the custody of the District Director of the Immigration and Naturalization Service at Miami. The

record of the Special Board of Inquiry and the admissions of the relators in their petition for writ reveal that the adult, Alexander Frisch, sought illegally to obtain entry into the United States for himself and for his minor son, the other appellant. It is shown that the elder Frisch in the city of Havana, Cuba, obtained from an organized syndicate there, dealing in the smuggling of aliens into this country, fraudulent birth certificates under color of which he sought entrance for himself and his son into the United States at Miami. The appellants were apprehended upon reaching Miami and taken into custody of the immigration authorities. In due course they were given a hearing before a Board of Special Inquiry of the Immigration and Naturalization Service which admittedly was not constituted in conformity with Section 1010 Title 5 U.S.C.A. The Board of Special Inquiry ordered that appellants be denied admission to the United States and deported. In attack upon this order of exclusion and deportation the petition for writ of habeas corpus was filed.

The question to be decided is whether or not the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., is applicable in exclusion proceedings of the Immigration and Naturalization Service under Section 153 of Title 8 U.S.C.A.

■ The proceeding before us was not under a wartime act as was the case in United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 70 S.Ct. 309, 313, in which the opinion clearly recognizes the distinction between the procedure involved there and the procedure under immigra-

tion acts of Congress in peacetime[1], such as the one under consideration here. We readily assent to the view expressed in United States ex rel. Knauff v. Shaughnessy, supra, that the exclusion of aliens is an inherent attribute of sovereignty exercisable on conditions and terms agreeable to the sovereign's will only. By grace, however, Congress embodied in 8 U.S.C.A. § 153 an orderly peacetime procedure for the determination of alien exclusion questions, and it is this Act that we now examine to see whether it is affected by the Administrative Procedure Act of 1946.

Appellants insist that the Administrative Procedure Act is applicable to such exclusion hearings as the one involved here and urge that the hearings before the Special Board of Inquiry, in this case, were not in compliance with Section 1010, Title 5 U.S.C.A., and, therefore, the Board's orders were void.

■■ This contention brings into focus the recent case of Sung v. McGrath, 70 S.Ct. 445. Without doubt under the holdings in that case compliance with the Administrative Procedure Act would be necessary in deportation hearings wherever other appropriate procedures conformable to constitutional standards have not been specifically provided by statute. But we are not here concerned with that situation because this is a hearing for which provisions have been statutorily made of such character and specificity as to exempt such hearings from the provisions of the Administrative Procedure Act. It is to be noted that the Administrative Procedure Act, Title 5 U.S.C.A. § 1006(a)[2], excepts from the Act's operation "the conduct of speci-

[1]. In United States ex rel. Knauff v. Shaughnessy, supra, Mr. Justice Minton alluded to the distinction between wartime and peacetime legislation in exclusion proceedings in the following language: "It is not disputed that the Attorney General's action was pursuant to the 8 CFR regulations heretofore discussed. However, 22 U.S.C. § 223, 22 U.S.C.A. § 223, authorizes these special restrictions on the entry of aliens only when the United States is at war or during the existence of the national emergency proclaimed May 27, 1941, No.

2487, 50 U.S.C.A.Appendix note preceding section 1. For ordinary times Congress has provided aliens with a hearing. 8 U.S.C. §§ 152, 153, 8 U.S.C.A. §§ 152, 153."

[2]. Section 1006 (a) of Title 5 U.S.C.A. provides: "(a) There shall preside at the taking of evidence (1) the agency, (2) one or more members of the body which comprises the agency, or (3) one or more examiners ppointed as provided in this chapter; but nothing in this chapter shall be deemed to supersede the conduct of specified classes of pro-

362

fied classes of proceedings in whole or part by or before boards or other officers specially provided for by or designated pursuant to statute." Special Boards of Inquiry and their composition are specifically provided

for by,[3] and designated [4] pursuant to, statute, and are embraced within the exception of Sec. 1006. In re U. S. ex rel. OBUM, D.C.N.Y.1948, 82 F.Supp. 36, affirmed 2 Cir., 170 F.2d 1009.

ceedings in whole or part by or before boards or other officers specially provided for by or designated pursuant to statute. The functions of all presiding officers and of officers participating in decisions in conformity with section 1007 of this title shall be conducted in an impartial manner. Any such officer may at any time withdraw if he deems himself disqualified; and, upon the filing in good faith of a timely and sufficient affidavit of personal bias or disqualification of any such officer, the agency shall determine the matter as a part of the record and decision in the case."

3. 8 U.S.C.A. § 153 provides: "Boards of special inquiry shall be appointed by either, the district director of immigration and naturalization designated by the Commissioner or by the inspector in charge at the various ports of arrival as may be necessary for the prompt determination of all cases of immigrants detained at such ports under the provisions of the law. Each board shall consist of three members, who shall be selected from such of the immigrant officials in the service as the Commissioner of Immigration and Naturalization, with the approval of the Attorney General, shall from time to time designate as qualified to serve on such boards. When in the opinion of the Attorney General the maintenance of a permanent board of special inquiry for service at any sea or land border port is not warranted, regularly constituted boards may be detailed from other stations for temporary service at such port, or, if that be impracticable, the Attorney General shall authorize the creation of boards of special inquiry by the immigration and naturalization officials in charge at such ports, and shall determine what Government officials or other persons shall be eligible for service on such boards. Such boards shall have authority to determine whether an alien who has been duly held shall be allowed to land or shall be deported. All hearings before such boards shall be separate and apart from the public, but the immigrant may have one friend or relative present under such regulations as may be prescribed by the Attorney General. Such boards shall keep a complete permanent record of their proceedings and of all such testimony as may be produced before them;

and the decisions of any two members of the board shall prevail, but either the alien or any dissenting member of the said board may appeal through the district director of immigration and naturalization at the port of arrival and the Commissioner of Immigration and Naturalization to the Attorney General, and the taking of such appeal shall operate to stay any action in regard to the final disposal of any alien whose case is so appealed until the receipt by the district director of immigration and naturalization at the port of arrival of such decision which shall be rendered solely upon the evidence adduced before the board of special inquiry. In every case where an alien is excluded from admission into the United States, under any law or treaty now existing or hereafter made, the decision of a board of special inquiry adverse to the admission of such alien shall be final, unless reversed on appeal to the Attorney General."

4. 8 CFR 60.29 reads as follows:
"Persons qualified as members of boards of special inquiry; oath. In accordance with the provisions of section 17 of the Immigration Act of 1917 (39 Stat. 887 [8 U.S.C.A. § 153]), the following persons are hereby designated as qualified and determined to be eligible to serve on boards of special inquiry:
"(a) Immigrant inspectors, including persons designated immigrant inspectors by § 60.27;
"(b) All other employees of the Immigration and Naturalization Service whose supervisory officers assign to them the duty of acting as secretaries of such boards for the purpose of keeping the complete permanent record of the proceedings and of all such testimony as may be produced; and
"(c) Persons, other than employees of the Immigration and Naturalization Service but preferably Government employees, who are selected by an Immigration and Naturalization Service official in charge of a port where no permanent board of special inquiry is maintained and to which it is impracticable to detail a board from some other station. Such persons shall, before serving on a board of special inquiry, subscribe to an oath of office on Form I-266 before an immigrant inspector."

We deem to be unsupported by the record and without merit appellants' second specification that irrespective of applicability or inapplicability of the Administrative Procedure Act the Special Board of Inquiry hearing was unjust and unfair. Moreover, the elder Frisch frankly admitted that their entrance into the port of Miami was fraudulent.

The order of the lower court is affirmed.