**UNITED STATES ex rel. PICI v. BROM-BERG, Acting Divisional Director of Immigration.**

No. 131.

District Court, W. D. Pennsylvania.

Aug. 2, 1945.

Charles P. Pearson, of Pittsburgh, Pa., for relator.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., and Edward C. Boyle, Asst. U. S. Atty., of Pittsburgh, Pa., for respondent.

GIBSON, District Judge.

The relator, pursuant to a conviction in this court, for the same offense in substance as described later, was arrested on a warrant issued by the Assistant to the Secretary of Labor which charged him with violation of the Immigration Act of 1917, 8 U.S.C.A. § 101 et seq., in that he had been found receiving, sharing in, or deriving benefit from the earnings of a prostitute, and that he had been found assisting a prostitute. The warrant was issued on March 22, 1940, and duly served and relator given a hearing thereon on July 9, 1940, and November 7, 1941, at each of which hearings he was represented by counsel. He has entered a plea of guilty in this court on May 25, 1939, to the indictment pending therein.

656

After the hearing the Attorney General, on December 14, 1942, acting through the Board of Immigration Appeals, ordered the deportation. Owing to some necessary delay, the relator was not ordered to report for deportation by the Immigrant Officer until July 13, 1945, after which order he was surrendered to the custody of the respondent and forthwith prayed the instant writ.

Counsel for relator has called attention to an announcement of the Attorney General relative to the procedure of the Department of Justice for the removal and repatriation of alien enemies dangerous to the safety of the United States pursuant to the Presidential Proclamation of July 14, 1945, No. 2655. In his announcement the Attorney General indicated that upon hearing of those accused as alien enemies mitigating circumstances would be considered which might lead to release of the accused. Enumerated among these circumstances were lack of prominence, the possession of an American-citizen spouse, and factors of extreme hardship, such as illness or advanced age.

Apparently acting upon his interpretation of the Attorney General's declaration of policy, counsel for the relator prayed for a rehearing upon the order of deportation, showing the existence of a recently married wife, a United States citizen, and of two minor children, daughters of a deceased wife, born in this country. The refusal to grant the rehearing was alleged to be erroneous.

■ The Board of Immigration Appeals, in refusing a rehearing, was acting upon a matter within its discretion, even if the charge against the relator had been in the classes of cases discussed by the Attorney General, and this court would be without proper authority to determine the procedure as erroneous. But the present petitioner is not within the class mentioned by the Attorney General, and is specifically excluded from any right to claim suspension of any order of deportation by 8 U.S. C.A. § 155(d), by reason of his conviction upon the procurement charge.

■ It was also claimed that the Department was guilty of laches, in that it failed to deport the relator within the year intervening between the order of deportation and the beginning of World War II by Italy. In view of the well-known attitude of the Kingdom of Italy in refusing the issue of visas to undesirable residents for years prior to a date subsequent to its surrender, and lack of testimony to sustain the contention, no weight can be given to the claim.

An order will be made remanding the relator to the custody of the Acting Divisional Director of Immigration, or other officer charged with the duty of deportation.

The writ of habeas corpus issued herein is vacated and discharged and the relator, Joseph Chester Pici, is hereby ordered to surrender himself to Charles Garfinkel, Officer in Charge, Immigration and Naturalization Service, Pittsburgh, Pennsylvania, for deportation.