UNITED STATES ex rel. ZABADLIJA v. GARFINKEL, Officer in Charge, Immigration and Naturalization Service, U. S. Department of Justice.

No. 146.

District Court, W. D. Pennsylvania.

May 15, 1948.

Frank J. Zappala, of Pittsburgh, Pa., for relator.

Owen M. Burns, U. S. Atty., and Elliott W. Finkel Asst. U. S. Atty., both of Pittsburgh, for respondent.

GIBSON, District Judge.

The relator was admitted to the United States on September 14, 1946, for a period of thirty days to cover transit to Colombia, South America. He never departed from the United States, ultimately coming into this District.

On January 13, 1947, a warrant for his arrest was issued, on the ground that after his admission as a transient, he had remained in the United States for a longer time than permitted under the Immigration Act. On February 3, 1947, the relator was given a hearing. At its inception he was informed of the purpose of the hearing and that he had the right to be represented by counsel, but knowingly waived this right. In the course of the hearing he testified that when he obtained the transit visa he had no intention of leaving the United States, and thereupon the hearing inspector filed an additional charge that he was in this country without a valid visa. Of this charge the relator was duly informed.

The hearing was reopened on July 30, 1947, by order of the Commissioner of Immigration.

The presiding inspector made proposed findings and orders after both of these hearings, and recommended that a deportation order be not issued at that time, but that the relator be allowed to depart voluntarily. On September 23, 1947, the Commissioner of Immigration ordered that he be deported on the ground that he was in this country without a valid visa, and a deportation order was duly issued. Thereupon the relator filed his appeal with the Board of Appeals.

On September 28, 1947, the relator married a lawful resident of the United States, but this fact was not mentioned at the hearing before the Board of Appeals on November 24, 1947. On January 9, 1948, the Board dismissed the appeal.

On January 29, 1948, the relator moved to reopen the hearing before the Board on the allegation that his marriage made him eligible for discretionary relief under Section 19(c) of the Immigration Act of 1917, 8 U.S.C.A. § 155(c).

On March 24, 1948, the Board denied the motion, saying: "Upon further consideration of the record, we are of the opinion that no useful purpose could be served by reopening, notwithstanding the respondent's marriage to an alleged lawfully resident alien."

Then followed the present petition for the writ of habeas corpus. The relator claims that he was denied due process when the Board of Appeals refused to reopen the proceedings and suspend deportation without giving him an opportunity to show he met the requirements for discretionary relief provided in the Immigration Act. The part of Section 155(c) in which we are interested reads as follows:

"* * * The Attorney General may * * * suspend deportation of such alien if not racially inadmissible or ineligible to naturalization in the United States if he finds that such deportation would result in serious economic detriment to a citizen or legally resident alien who is the spouse, parent, or minor child of such deportable alien."

It is plain that the relator was unlawfully in this country on a fraudulent visa; and it is equally plain that he appealed to the Board of Appeals for the exercise of its discretionary power. It is not for the court, when a statute has conferred such power on an executive department, to attempt to interfere with the exercise of it. See United States ex rel. Weddeke v. Watkins, 2 Cir., 166 F.2d 369. Also see United States ex rel. Von Kleczkowski v. Watkins, D.C., 71 F.Supp., 429; United States ex rel. Ickowicz v. Day, D.C., 18 F.2d 962; Wong Shong Been v. Proctor, 9 Cir., 79 F.2d 881; United States ex rel. Pici v. Bromberg, D.C., 61 F.Supp. 655.

The writ of habeas corpus will be dismissed and the relator will be ordered to surrender to the Officer in Charge, Immigration and Naturalization Service.